was too heavy for the plaintiff to handle, and the tongs fell from his hands, and fell upon the treadle, thus precipitating the trip hammer on plaintiff's hand, and injuring it. Held, that the defendant cannot exculpate itself by claiming that the man who directed the plaintiff while at work was a fellow servant. Yeaman v. Machine Co. (Ind. App.) 30 N. E. 10.

Many similar cases might be cited in other states, but enough states have been taken for that purpose. The plaintiff insists that, under the circumstances of the case, the superintendent had created an unsafe place and unsafe condition where the plaintiff worked at the time he was injured, and that the rule requiring the defendant to furnish a safe place and proper tools for his employés to work at and with has application to this case. Be that as it may, I have reached the conclusion that the question as to whether such place was safe, or as to whether the superintendent was acting for the master in the discharge of the master's duties, were questions for the jury, as held by the court of appeals in the case of McGovern v. Railroad Co., supra, and kindred cases. Wanamaker v. City of Rochester (Sup.) 17 N. Y. Supp. 321, affirmed without opinion 137 N. Y. 529, 33 N. E. 336; McLean v. Oil Co. (Sup.) 21 N. Y. Supp. 874 (plaintiff injured by falling from a scaffold that defendant's carpenter had made, caused by a defective plank); Crowell v. Thomas (Sup.) 35 N. Y. Supp. 936. But assuming that the case of Crispin v. Babbitt, supra, is to be regarded as announcing the law of this state, unshaken by subsequent decisions of the court of appeals, it is easily distinguishable from the case at bar. As we have before said, in that case the superintendent and the plaintiff were plainly engaged in the ordinary work of the servant, in the details of the business. In the case at bar, as we have shown, the servant was taken from his ordinary work, and put by the representative of the master at a work which it is the duty and the province of the master to control and perform; so that this case is within the rule, in all its strictness, asserted by the cases upon which the defendant relies. The motion for a new trial should be granted, with costs to abide event.

(15 Misc. Rep. 659.)

## In re SUTTON.

(Surrogate's Court, Westchester County. December, 1895.)

1. TRANSFER TAX—EQUITY OF REDEMPTION—CONVERSION.
   . A succession to an equity of redemption in real estate is not subject to the transfer tax, on the theory of an equitable conversion, merely because of a power of sale given the executors by the will.

2. SAME—MORTGAGES.
   Mortgages on real estate of testator will not be deducted from his personalty in determining the amount of personalty subject to transfer tax.

Appeal from order of surrogate.

Proceeding for taxation of the estate of George William Sutton, deceased, under the transfer tax law. From a decree entered on the appraiser's report, the executors appeal. Modified.

Martin S. Smith, for appellants.

James M. Hunt, for respondent.

SILKMAN, S.　The decree assessing tax in this matter must be modified in so far as a tax is assessed upon the succession to the equity of redemption in the real estate.　The ground upon which such tax was assessed is that such equity of redemption is personalty, under the rule of equitable conversion, and the succession thereto is, therefore, taxable.　There is a clear equitable conversion by the terms of testator's will.　Laws providing a system of taxation are to be construed as relating to facts, not legal fictions or equitable rules.　Hoyt v. Commissioners, 23 N. Y. 228; In re Romaine, 127 N. Y. 80, 27 N. E. 759.　The doctrine of equitable conversion does not apply in all cases.　Wilder v. Ranney, 95 N. Y. 7.　The property of which the testator died possessed was in fact real estate, and taxable as such.　By another equitable rule, the parties in interest, if all sui juris, could, by uniting, take it in place of the proceeds, and a court of equity would, on application, restrain the exercise of the power of sale in the executors, and thus the property might never take on the character of personalty.

The claim of the legatees, that mortgage debts should have been deducted by the appraiser from the amount of the personal property, for the purpose of arriving at the value of the succession, cannot be sustained.　The real estate is the primary fund out of which the mortgages are to be paid, and the legatees take only the equity of redemption.　Such is the law of this state.

An order may be entered, modifying, as indicated, the decree entered upon the appraiser's report.

Decreed accordingly.

---

(2 N. Y. Ann. Cas. 112.)

BERNHARDT v. KURZ et al.

(Common Pleas of New York City and County, Special Term.　August 27, 1895.)

PARTITION—SALE—SUFFICIENCY OF TITLE.

　　Failure to comply with Code Civ. Proc. § 1538, requiring that in a partition action the executors or administrators of a deceased person, who, if living, should be a party to the action, must be made parties defendant, renders the title so defective that the purchaser at partition sale will not be compelled to complete his purchase.

Action of partition by Louise J. Bernhardt against Charles Kurz and others.　Plaintiff moves to compel John C. Klatzel to complete his purchase of certain premises sold under the decree.　Motion denied.

Zeller & Miehling, for the motion.

J. W. McDermott (Boardman & Boardman, of counsel), opposed.

GIEGERICH, J.　The purchaser upon the partition sale objects to the title, and opposes the motion to compel him to complete his purchase upon the ground, among others, that the administratrix