BROWN, P. J.
The estate of the testator consists of both real and personal property (the real estate being subject to mortgages), and under his will, with the exception of a few legacies, the whole of it passes to the executor, in trust for the testator’s children and grandchildren. By the. provisions of the will, there was an equitable conversion of the real into personal estate; the executor being directed to convert the estate into money, and divide it into five shares, and to invest and hold one share for each child of the testator, and apply the net income thereof to the use of the child during its natural life, and upon its death to transfer the share to the issue of such deceased child per stirpes. The appraiser held that the whole estate was to be treated as personal property, for the purpose of determining the transfer tax. Upon appeal to the surrogate, the order entered upon the appraiser’s report was modified so as to exempt from the tax the equity in the real estate over and above the mortgages. From the order of the surrogate, the executor and the county treasurer have both appealed.
The questions presented to the court are: First, whether the real estate of which the testator died seised is, for the purpose of determining the transfer tax, to be treated as such or as personal property; second, if it is treated as real estate, whether in determining the amount of the tax, the debts of the testator secured by mortgages upon the real estate should be deducted from the personal property.
*759 The claim of.the counsel for tlue county treasurer that the estate ¡should be considered personal property, for the purpose of taxation is not without force. There is a clear equitable conversion under the will, and the whole estate passes to the beneficiares as persona], property, and none of the real estate, as such, is transferred to them. The transfer tax is one upon the right of succession, and is levied upon successors in respect to the shares to which they succeed. In re Swift, 137 N Y. 77; 50 St. Rep. 81; In re Hoffman’s Estate, 143 N. Y. 327; 62 St. Rep. 245. In Hoffman’s Case it was said by Judge Finch that “the shares received, in the hands of the recipients, were the measures of the right which was subjected to assessment.” The tax is made a lien upon the property transferred, and may be enforced personally against the ■■successor charged. Laws 1892, c. 399, § 3. In view* of these decisions and this provision of the law, it is plausible to urge that the tax should be assessed upon the property in the form and ■«character in which it is transferred. This contention is supported by the decision of the snpreme court in Pennsylvania in Miller v. Com., 111 Pa. St. 321, and In re Williamson’s Estate, 153 Pa. St. 508. These decisions are, however, in conflict with the decision of the court of appeals In re Swift, supra, where it was held that the -doctrine of equitable conversion was not applicable to subject property to taxation. The question was referred to, but not decided In re Curtis, 142 N. Y. 219; 58 St, Rep. 348, Judge Finch saying that it was a difficult one. Swift’s Case was not one of an out and out conversion. It was there sought to apply the rule of equitable conversion, so aS to bring foreign real estate within the ■operation of our tax law. But I think it would be equally objectionable to apply the rule for the purpose of subjecting domestic real estate to taxation which would otherwise be exempt.
It has been said that the question of taxation is one of fact, and ■should not be made to turn on theories or fictions. In this case it is a fact that all the testator’s laud is transferred by his will for the use of his children. It is to be treated as personal estate only for •the purpose of administration; and it is to be treated so by force of ¡a rule of equity only, which at the present time, and perhaps for jears to come, will be a pure fiction. While the executor is directed absolutely to sell the land, an immediate sale was not contemplated by the testator, as he gave the “rent” to the life tenants. The land will therefore remain from which the life tenant will for ¡some time draw his or her income, and is in fact the tangible thing which is transferred by the will for the benefit of the testator’s children. There would, I think, be serious objection to a rule which would require th.e lax invariably to be imposed on the property in the form in which the transferee should receive it. Such a rule might permit personal property which under a will was equitably converted into real estate to escape taxation. The decisions upon this question are conflicting, and are -collected in Dos Passos on Inheritance Tax Law (2d Ed., note to pages 152-155). We are, however, of the opinion "the better rule is to assess the tax on the property transferred ■■as the testator leaves it, without regard to the operation or effect *760 of equitable rules that apply only to the administration of the espíate. Such a rule is in accord with the policy of the law which exempts real estate transferred to or for the use of the persons-named in section 2 of the act, and in harmony with the fact, which doubtless dictates the state’s policy, that real estate always bears the burden of annual taxation, while personal property, to a very-large extent in proportion to its value, escapes taxation. The- ■ order, so far as appealed from by the county treasurer, must. therefore be affirmed. .
We are also of the opinion that the surrogate’s decision upon the second question presented was correct. By statute (Rev. St. pt. 2, chap. 1, tit. 5, § 4), it is provided that, when any real estate-subject to a mortgage executed by any ancestor or testator shall descend to an heir or pass to a devisee, such heir or devisee shall satisfy and discharge such mortgage out of his property, without resorting to the executor or administrator of his ancestor, unless-there be an express direction in the will of such testator that suck mortgage shall be otherwise paid. It is true that, under the will now before the court, the real estate is not specifically devised, nor is there any direction for the payment of the mortgages. The whole estate is transferred to the executor in trust for the benefit of the testator's children and grandchildren, and it is discretionary with the trustee to discharge the mortgages from either the real or personal estate. No conflict can therefore arise upon the question-from which class of property the mortgages shall be paid. If the property had been transferred directly to the beneficiaries either by will or the intestate laws of the state, the real estate would be compelled to bear the burden of the mortgages, and the tranfereewould have no right to have such debts discharged from the personal property. The same result must follow the devise in the will before us. It is of no importance to the executor or beneficiaries, except for the purpose of determining the tax from which fund the mortgages shall be paid ; and they cannot be permitted to be paid from the personal estate for the sole' purpose of increasing the exemption of real estate, or decreasing the amount of the tax to be paid. The testator has transferred his whole estate as a. single fund, for the use and benefit of his children. In holding-that, for the purpose of determining the tax, the real estate owned; by the testator at the time of his death must be treated as such,, we .could not extend that exemption beyond the value of the testator’s interest therein. It was such interest only that was transferred, and which will be held for the use of the beneficiaries, and such only that can be held to be exempt. This conclusion is sustained by the decision of this court1 in the First department in Re Livingston, 37 Supp. 463.
The order of the surrogate must be affirmed, without costs.
All concur.