BIRDSALL, WAITE & PERRY MFG. CO. et al. v. SCHWARZ et al.

(Supreme Court, Appellate Division, Second Department. February 11, 1898.)

FRAUDULENT CONVEYANCE—EVIDENCE.
    In an action to set aside certain deeds from a debtor to his wife as in fraud of creditors, there was evidence that the husband and wife were partners in a tailoring business, of which she received one-third of the profits, and that a loan by her to her husband of the money thus acquired by her formed the consideration for the conveyances in question. *Held*, that while there were

numerous contradictions in the testimony, and many suspicious circumstances, there was sufficient basis for the finding of the court that the consideration for the conveyances was fairly owing from the husband to the wife, and that the conveyances were made to discharge that obligation.

Appeal from special term, Kings county.

Action by the Birdsall, Waite & Perry Manufacturing Company and others against George Schwarz and others. From a judgment entered on a decision of the court at special term, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

Louis Marshall, for appellants.

William W. Butcher, for respondents.

HATCH, J. This action is brought to set aside certain deeds from George Schwarz to his wife, Barbara Schwarz, it being claimed that they were executed and delivered in fraud of the rights of creditors. This case has been before this court upon another appeal. Manufacturing Co. v. Schwarz, 3 App. Div. 298, 38 N. Y. Supp. 368. We then held that the judgment creditors had sufficient standing to maintain an action to set aside the deeds, and reversed the judgment which dismissed the plaintiffs' complaint upon the ground that the right of action was in the assignee of the Brooklyn Carriage & Harness Company, of which firm George Schwarz was a member, the assignment having been made by that firm. In the disposition of that case, however, we said that "a court would find some evidence to sustain a finding that there existed a bona fide debt of some amount owing by George Schwarz to his wife." Upon the present trial this question was fully litigated, and the court dismissed the complaint, holding that the conveyances were made in good faith, and without intent on the part of either defendant to hinder, delay, or defraud the plaintiffs or the creditors of George Schwarz. The plaintiffs offered no testimony beyond the record of the judgment, the assignment, and certain conveyances from various parties to George Schwarz and by George Schwarz to his wife, except that the plaintiffs called the defendant George Schwarz, and examined him as a witness upon the trial. The testimony of George Schwarz tended to establish that he and his wife carried on a tailoring business, as partners, of which he received two-thirds and she received one-third of the profits, and that, as a product of that business, Barbara saved about the sum of $7,000, and that at various times between 1884 and 1890 she loaned such sum to George Schwarz, and that at the time of the execution and delivery of the conveyances sought to be set aside he was indebted to her for such moneys in the sum of $6,700. It is not claimed that, if this indebtedness in fact existed, the value of the real estate conveyed was greater than this sum. The only point in contest between the parties related to the indebtedness of the husband to the wife. Upon the former trial evidence was given by Schwarz and his wife tending to establish that the relation which existed between them was that of employer and employé, and that she received the sum of eight dollars a week for her services, and therefore the claim is made that an agreement

to pay the wife for the services was in fraud of the rights of creditors, and would not furnish a sufficient consideration to uphold the conveyances, and this is undoubtedly true within the doctrine of Coleman v. Burr, 93 N. Y. 17. This case, however, differs from the facts of that case in that here, if such was the arrangement, the money was paid to the wife at a time when George Schwarz was perfectly solvent, and from week to week, as the wife earned it. The service added value to the estate of the husband, and, it having been paid to her under such circumstances, it became a part of her separate estate, of which she had good title; and the loan of that money to George Schwarz would furnish a sufficient consideration for the conveyances. Bank v. Bolton, 87 Hun, 547, 35 N. Y. Supp. 138. Upon the present trial, however, the testimony in this respect is very much changed, and the claim is put forth by both that the arrangement existing between them was that of a partnership, the profits to be divided in the proportion heretofore stated. This claim is in some respects in antagonism to the attitude of the parties and their testimony upon the former trial; but there was no proof except such contradictions as are found in the two versions, which establish that any other or different relation than that of a partnership existed between the parties. There is no doubt in my mind that Barbara Schwarz had some money of her own, which she, from time to time, loaned to her husband; that the same had not been repaid, and constituted, at the time of the execution and delivery of the deeds, a valid obligation in her favor, which the husband was authorized to discharge, and of which no creditor could complain. The only difficulty that arises is as to the amount of money which she loaned. She had a bank account, which she kept in her name, showing the deposits of various sums of money, but not sufficient to reach the amount of the sum claimed to have been loaned, and which furnished the consideration for the deeds. It also appeared that this bank account was subsequently changed from her individual name to that of George and Barbara Schwarz, and deposits of money continued to be made therein. It is claimed, however, by the defendants, that this change did not represent any money belonging to the husband which was deposited in the account, but that the change was made at the suggestion of the attorney of the bank in order to obviate any difficulty which might arise in the event of the death of Barbara. Upon the whole case, it is evident that the trial court had before it evidence from which it was authorized to find that the consideration for the conveyances was, fairly owing from the husband to the wife, and that the conveyances were made to discharge that obligation; and, while there are numerous contradictions in the testimony, and many suspicious circumstances in the case, and the court would have been authorized to find that at least some part of the consideration was not owing, and that the conveyances were made for the purpose of preventing the creditors of George Schwarz from reaching the property, yet such testimony is not so far preponderating as to require us to interfere with the determination of this question by the trial court. On the contrary, we find sufficient in the case which tends to support the conclusion which was reached, and therefore conclude that the judgment should be affirmed. All concur.