(30 Misc. Rep. 27.)

## In re BARTOW'S ESTATE.

(Surrogate's Court, New York County. December, 1899.)

TAXATION—TRANSFER TAX—CONVERSION.

> A decedent transferred her real estate in trust for her own use for life; after her death, part of the trust estate to be sold to pay legacies; the remainder to be partitioned among her children; the shares of the daughters to be held in trust for them. Each daughter was empowered to appoint by will her share among her lawful issue; in default of such appointment, the share to belong to such issue. After the grantor's death the property held in trust for the daughters was condemned for park purposes, and the proceeds invested in bonds and mortgages. *Held* that, on the death of one of the daughters without appointment, the trust estate descending to her issue was to be treated as personalty, so as to be subject to a transfer tax under Laws 1896, § 220, subd. 5, as amended by Laws 1897, c. 284, providing that, whenever any person possessing a power of appointment derived from any disposition of property made either before or after the passage of the act shall omit to exercise the same, a transfer taxable under the provisions of the act shall be deemed to take place in the same manner as though the persons thereby becoming entitled to the property had succeeded thereto by will of the donee of the power failing to exercise it.

Application by the trustees in the matter of the estate of Maria R. Bartow for the purpose of having the transfer to the children of the deceased daughter, Clarina B. Morgan, declared exempt from the transfer tax. Application denied.

William L. Snyder, for trustees.

Edgar J. Levy, for comptroller.

FITZGERALD, S. In July, 1879, the decedent above named, owing to advanced age, and desiring to be relieved of the care of her estate, and to provide for the just disposition of the same after her decease, conveyed to trustees her real estate in Westchester and New York counties, upon the trust to receive the rents, income, and profits, and, after payment of all legal charges, to apply the net income thereof, to the extent of $6,000 a year, to her use during her lifetime, and to apply the surplus income, if any, to the use of her children for the same period. In case the net income should not be sufficient to pay $6,000 a year to the creator of the trust, the trustees, upon her request, were required to raise the deficiency by sale or mortgage of the property conveyed. A power to sell or mortgage such property during the lifetime of the grantor thereof for the purpose of paying incumbrances, or to make up the $6,000 a year, was reserved. After her death the property was to be held

upon the trust to sell and dispose of so much of the trust estate as would enable them from the proceeds thereof to pay $1,000 to each of her children as soon as practicable after her decease, and $1,000 to each of them at the expiration of one year from her decease, and $2,000 to each of the daughters at the expiration of two years from her decease. From the proceeds of any such sales of the real estate the trustees were to pay and discharge all incumbrances then existing against any part of the trust estate. All of the trust estate that should remain, in whatsoever form the same might then exist, was to be divided into as many shares as would make up one for each of the then surviving children. The shares were to be as nearly equal as practicable, and power was given by deed or agreement to appoint commissioners to make such actual partition. The share of each son was directed to be conveyed to him absolutely. If issue of children took in lieu of their parents, then the conveyance to such issue was to be absolute. The shares of the daughters were directed to be held in trust to mortgage and improve the same, and receive the rents, interest, and income, and to apply the net income to the use of the daughters, respectively. Each of the daughters was given the power to appoint by will her share among her lawful issue surviving her, in such shares and proportions as she deemed proper. In default of such appointment, the share was to belong to the lawful issue of such daughter surviving her. In case of failure of issue of a daughter, her share was to revert to the lawful issue of the grantor in like proportions as they would take if it consisted entirely of real estate, and were to descend to them at that time as heirs at law of the grantor dying intestate. A power of sale was given to the trustees, with the concurrence of the life tenant; the proceeds of such sale to be applied in the discharge of liens or in improvements, in the purchase of other real estate, or for investments in the usual legal securities. The grantor and first life tenant died in February, 1880, and the trustees have since been administering the trust for the benefit of the daughters; the shares of the sons having been transferred to them in 1888. One of the daughters died June 29, 1898, having failed to exercise the power of appointment. She left six children, all of full age. All the property included in the deed of trust has been disposed of from time to time, the major portion having been taken and condemned by the city of New York for park purposes. The proceeds have been invested in bond and mortgage, and the income has been paid to the three daughters of the grantor, as provided in the deed. This proceeding is brought by the trustees for the purpose of having the transfer to the children of the deceased daughter, which took effect upon her death, declared exempt from the transfer tax.

Subdivision 5, § 220, of the tax act of 1896 (added to the section by chapter 284 of the Laws of 1897) provides as follows:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will; and

whenever any person or corporation possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a transfer taxable under the provisions of this act shall be deemed to take place to the extent of such omissions or failure, in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure."

The plain intent of this enactment was to change the rule of the common law, and to make such change retroactive. If, therefore, it is conceded that, for the purposes of administration, the property passing to the children of Clarina B. Morgan, the deceased daughter of the grantor, retained its character as real estate, notwithstanding the actual conversion of the same pending the trust, and before the vesting in possession of the trust estate, the fiction by which it is permitted to retain its character as realty has been abrogated, and its actual form at the time of its transfer in possession is to be alone regarded, and it must be held to be taxable. In a different form, the question is this: Had Clarina B. Morgan been the absolute owner of the trust estate, and bequeathed or devised it by will to her children, would the transmission of the property be taxable? Had she owned the property absolutely, it seemes clear that no fiction of law by which the nature or character of property is deemed altered would apply. The courts have held that the doctrine of equitable conversion cannot be invoked for the purpose of subjecting property to taxation under this act. In re Sutton's Estate, 3 App. Div. 208, 38 N. Y. Supp. 277, affirmed, on the opinion below, in 149 N. Y. 618, 44 N. E. 1128; In re Swift, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709. The converse of that proposition must be true, and the doctrine should not be invoked for the purpose of exempting property from taxation. It is only by applying that fiction that the securities now constituting the trust fund can be regarded as realty. "The better rule is to assess the tax on the property transferred as the testator leaves it [in the case at bar, under the statute, as the donee of the power leaves it], without regard to the operation or effect of equitable rules that apply only to the administration of the estate. Such a rule is in accord with the policy of the law which exempts real estate transferred to or for the use of the persons named in section 2 of the act, and in harmony with the fact, which doubtless dictated the state's policy, that real estate always bears the burden of annual taxation, while personal property, to a very large extent in proportion to its value, escapes taxation." In re Sutton's Estate, supra. The statute declares, in express terms, that a transfer affected in this manner shall be deemed a transfer of the property of which the donee of the power was absolute owner. It is unreasonable that an equitable rule should attach to such absolute property, giving to it a fictitious character, or that a testator should give to such absolute property such a fictitious character, different from its real nature, so as to affect the right of the state to subject the same to taxation. This construction of the law carries out the policy of the state to exempt the transfer of real estate to lineals, which bears its an-

nual burden. When this transfer was effected there was no real estate subject to such annual taxation. The beneficiaries had ceased to pay the tax upon the realty, and were no longer entitled to exemption from taxation because they were paying periodical taxes upon the property. The application to declare the transfer of the property in question exempt from taxation under the law relating to taxable transfers of property is denied. An order may be submitted to this effect, and appointing an appraiser.

Application denied.