(34 Misc. Rep. 365.)

## In re CHESEBROUGH'S ESTATE.

(Surrogate's Court, New York County.   March, 1901.)

TRANSFER TAX.
    Where testator devised certain land to a corporation to be created on
    certain specified contingencies, but which has·in fact never been created.
    the legacy cannot be subject to the transfer tax.

Appeal from report on an order of appraisers.

In the matter of the appraisal of the property of Nicholas E. Chese‐
brough, deceased, under the act in relation to taxable transfers of
property.   From an order made on the report of the appraisers, the
executor appeals.   Reversed.

P. H. Vernon, for appellant.
Theo. F. Hamilton, for comptroller of New York City.

THOMAS, S.   The decedent·was a nonresident of this state, and
none of his personal assets were located here or are claimed to be
subject to taxation under our laws.   He owned real property in this
state and county, which the appraiser finds to be of the value, over
proper deductions, of $11,700, and he recommends a tax at the rate
of 1 per centum on $5,000, the amount of the interest claimed to pass
to Amos Sheffield Chesebrough, a brother of the decedent, and a tax
at the rate of 5 per centum on $6,700, the value of an interest sup‐
posed to be transferred by the will of the decedent to the "Chese‐
brough Protestant Orphan Asylum of Summit, N. J."   The tax was
so fixed by a formal order made on the appraiser's report, and an ap‐
peal from that order is now before me.   Amos Sheffield Chesebrough,
the brother, is a legatee under the will of the decedent of a sum of
money in excess of $5,000.   There are other legacies, and it is hard
to perceive on what theory the appraiser concluded that just that
amount of his legacy, and no more, is chargeable against the New
York real estate, and that none of the other legacies are so charge‐
able in any amount.   Assuming him to be right in this, the interest
passing, because of this legacy, to·a brother, is an interest in land,
and is not taxable.   In re Sutton's Estate, 3 App. Div. 208, 38 N. Y.
Supp. 277; In re Offerman's Estate, 25 App. Div. 94, 48 N. Y. Supp.
993.   By the will of the decedent, he expressed a wish that, upon
certain specified contingencies, a corporation should be created, to be
known as the "Chesebrough Protestant Orphan Asylum," which should
receive an interest in his estate.   No such corporation has ever been
created, and no interest can pass to a body corporate which has no
existence.   The order fixing the tax is therefore in all respects re‐
versed and annulled.   One of the official appraisers will be designated·
to make a new appraisal.

Order reversed.