In the Matter of the Appraisal of the Estate of MARIA F. MILLS, Deceased, under the Act in Relation to the Taxable Transfers of Property.

JOHN F. MILLS, as Sole Executrix, etc., of MARIA F. MILLS, Deceased, Appellant; COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

*Transfer tax — where a will directs that land be sold and the proceeds be divided, and a beneficiary dies before the sale, the interest passing under the beneficiary's will is taxable as personal property.*

Under a will, which directed that the testator's real estate be converted into personalty, the testator's daughter was entitled to a share of the proceeds of the realty. The daughter died before an actual sale and conversion of the real estate, leaving a will, by which her interest in her father's estate passed to her husband.

*Held,* that the interest in the proceeds of the testator's real estate to which his daughter was entitled, and which passed under the daughter's will to her husband, should, for the purpose of the transfer tax assessable on the transfer from the daughter to her husband, be treated as personal property and not as realty.

APPEAL by John F. Mills, as sole executor, etc., of Maria F. Mills, deceased, from an order of the Surrogate's Court of Westchester county, entered in said Surrogate's Court on the 18th day of September, 1900, upon the report of an appraiser, assessing the transfer tax upon the estate of Maria F. Mills, deceased.

*Grenville T. Emmet* and *Maurice Dillon,* for the appellant.

*Frank M. Buck,* for the respondent.

Order of the Surrogate's Court of Westchester county affirmed, with costs, on the opinion of the surrogate.

GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

The following is the opinion of THEODORE H. SILKMAN, Surrogate:

SILKMAN, S.:

This is an appeal from a decree dated June 13, 1900, entered upon the report of an appraiser assessing the transfer tax upon the succession of the estate of Maria F. Mills, deceased.

Maria F. Mills was the daughter of William P. Abendroth. The will of Mr. Abendroth directed the sale of his real property, and it thus became in equity personalty.

His daughter, Mrs. Mills, under his will took a share in the proceeds of the realty.

She survived her father a few years, but died before an actual sale and conversion had taken place.

Mrs. Mills left a will by which her interest in her father's estate passed to her husband, John F. Mills, the respondent here.

The appraiser has held that the interest passing to Mr. Mills under the will of his wife was real estate, and the transfer to him, consequently, was not taxable. He seems to have felt that the rule adopted in *Matter of Sutton* (15 Misc. Rep. 659; 3 App. Div. 208), which matter originated in this court, controls the disposition of this case.

It was determined in the *Sutton* case that where the property passing from the testator was real estate, and became personalty only by the equitable rule growing out of the direction to sell, it was not to be considered personal property for the purposes of taxation, but, according to the fact, as it was at the time of the death of the testator, real estate. The reasoning followed that adopted in the case of *People ex rel. Hoyt* v. *Commissioners of Taxes* (23 N. Y. 228), that laws providing a system of taxation were to be construed as relating to facts not legal fictions or equitable rules.

The Transfer Tax Law assesses the tax upon the transfer from the testator, and, therefore, it is the character which the property bears at the time that it leaves the testator which is to govern the question as to whether the succession is to be taxable.

BROWN, P. J., writing the opinion in the *Sutton Case* (3 App. Div. 208), which was affirmed by the Court of Appeals upon the opinion below (149 N. Y. 618), says: "There would, I think, be serious objection to the rule which would require the tax invariably to be imposed on the property in the form in which the transferee should receive it. Such a rule might permit personal property which under a will was equitably converted into real estate to escape taxation. * * * We are, however, of the opinion that the better rule is to assess the tax on the property transferred, as the testator leaves it without regard to the operation

or effect of equitable rules that apply only to the administration of the estate."

I do not think that the principles decided in the *Sutton* case have been properly applied here; in fact, I think they are applicable, and, properly applied, sustain the contention of the appellant.

Mrs. Mills did not die possessed of the title to the real estate; she died possessed of a right to a distributive share in the proceeds of real estate which her father's executor was directed to sell. Her legatee could not in law have given a deed of it, nor have reconverted it without the interposition of equitable rules. It was subject to the payment of debts, expenses of administration, general legacies, executor's commissions and the expenses primarily payable out of the personalty.

Mrs. Mills had the right to compel her father's executor to sell and deliver to her her share of the proceeds, and that was all, except that in joining with the other legatees interested she might, by invoking equitable rules, elect to take in specie and thus work a reconversion; nevertheless, this could only be done provided there were no charges upon the proceeds. Her executor, however, possessed no such power to elect to take the lands in specie without the special sanction of a testamentary provision in her will. An executor has no power to buy real estate without being specially authorized so to do, and to permit an executor to elect to take real estate in place of its proceeds would be substantially sanctioning the purchase of real estate by an executor without special authority.

Whatever right there might have been in Mrs. Mills to reconvert the property, from realty into personalty, died with her. When she died, all that passed to her executor was the right which she had to compel her father's executor to sell the property and distribute the proceeds. The proceeds would pass directly into the hands of her executor as personalty and be distributed as such.

The test as to whether the property was personalty or realty is, whether in the absence of a will the property would have passed under the Statute of Distribution or under the Statute of Descent.

That it would pass to the personal representative seems to be determined in *Fisher* v. *Banta* (66 N. Y. 468), in which Judge ANDREWS says: "From the moment of the testator's death the conversion took place, and the land became money for all purposes

of administration. The impression of money was fixed upon it; the sons took their interest in the converted property as legatees, and upon their death before actual sale it would pass to their personal representatives."

The property passed from Mr. Abendroth as realty. By the rule of equitable conversion it became personalty in Mrs. Mills' hands, and the proceeds or the right thereto passed from her to her husband as personalty.

The equitable rule which, under the will of Mr. Abendroth, changed its character, lost its legal fiction, and the property became, not in equity, but in law, personal property passing from Mrs. Mills.

The case of property bought in by a trustee upon a foreclosure of a mortgage investment, the trustee not being authorized to invest in realty, is analogous; the real estate so taken is not to be considered as real estate; it is in law and equity to be regarded as an investment in personalty.

While it may be physically land, it is for the purposes of the trust personal property. It is not a question of what it is physically, it is a question as to what it actually is in law.

The only ground upon which it can be claimed that the succession to the proceeds of the real estate originally owned by Mr. Abendroth, the right to which proceeds passed from his daughter, Mrs. Mills, to her husband, the respondent, can escape taxation, is the assumed right to reconvert in equity and take the property in specie, instead of the proceeds. But as laws providing for systems of taxation are to be construed as relating to facts, and not according to equitable rules, under the authority of *Matter of Sutton* above cited, the decree assessing the tax must be reversed, and the matter sent back to the appraiser for further hearing.

Let the appellants have costs of the appeal.