(Surrogate's Court, New York County. January 31, 1916.)

1. TAXATION ⬤═868—TRANSFER TAX—APPRAISAL.

Real estate situated in a foreign state, and owned by a resident of New York, is not subject to transfer taxes in the latter state.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1685–1687; Dec. Dig. ⬤═868.]

2. TAXATION ⬤═868—TRANSFER TAXES—APPRAISAL.

Where land of deceased located in a foreign state was at the time of his death subject to contracts of sale, transfer taxes cannot be imposed on the amount due on the contracts, notwithstanding the theory of equitable conversion upon contract for sale, and Code Civ. Proc. § 2672, subd. 9, declaring that moneys unpaid on contracts for the sale of land shall go to the executors or administrators, for transfer taxes cannot be imposed on mere theories or fictions; the Code being applicable solely within the state and fixing a rule of distribution.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1685–1687; Dec. Dig. ⬤═868.]

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of the determination of the transfer taxes upon the estate of Royal L. Wolcott, deceased. From the order entered upon the report of the appraiser, the executors appeal. Appeal sustained, and order reversed.

Rounds, Hatch, Dillingham & Debevoise, of New York City, for petitioner.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for state comptroller.

FOWLER, S. The decedent at the time of his death held the legal title to certain unimproved real estate situated in Passaic county, N. J. He had entered into contracts to sell the various lots or parcels into which the land had been divided. These contracts provided that each purchaser should pay a certain amount at the time of the execution of the contract and that the balance should be paid by installments until the entire purchase price had been paid, when the purchaser would be entitled to a deed conveying the property to him. The amount remaining unpaid on these contracts at the time of decedent's death was $28,955. and the appraiser included this amount in the taxable assets of decedent's estate.

[1, 2] The executors contend that this was error, and they have appealed to the surrogate from the order entered upon the appraiser's report. The decedent had his domicile in this state. When real estate situated in a foreign state is owned by a resident of this state at the time of his death it is not subject to a transfer tax in this state. Matter of Swift, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709; Keeney v. New York, 222 U. S. 525, 32 Sup. Ct. 105, 56 L. Ed. 299, 38 L. R. A. (N. S.) 1139. The question presented by this appeal, therefore, is whether the contract of sale into which decedent had entered for the sale of the real estate in Passaic county, N. J., modified or changed his title to the real estate, so as to make his interest personal property for the purpose of taxation in this state. No proof of the statute law of New Jersey in its application to real estate held under a contract of sale was submitted to the appraiser. In this state the vendor is deemed in equity to stand seised of the land for the benefit of the purchaser (Williams et al. v. Haddock, 145 N. Y. 144, 39 N. E. 825), but it has been held that the question of the jurisdiction of this state to impose a tax is one of fact and cannot be made to depend upon theories or fictions (Matter of Swift, supra, 137 N. Y. 86, 32 N. E. 1096, 18 L. R. A. 709). The actual form or character of the property at the date of a decedent's death determines its liability to taxation under the provisions of the Tax Law. Matter of Offerman, 25 App. Div. 98, 48 N. Y. Supp. 993. It has been held that where there is an equitable conversion of testator's real estate because of directions contained in the will the property will be regarded as real estate for the purpose of the transfer tax. Matter of Sutton, 3 App. Div. 208, 38 N. Y. Supp. 277.

A question almost similar to that presented by this appeal was decided by the surrogate of Kings county in the Matter of Baker, 67

Misc. Rep. 360, 124 N. Y. Supp. 827, and I should follow that decision without further discussion, were it not that the state comptroller contends that the learned surrogate who wrote the opinion in the Matter of Baker overlooked that part of subdivision 9 of section 2672 of the Code which provides that "moneys unpaid on contracts for the sale of land" shall go to the executors or administrators, to be applied and distributed as part of the personal property of the testate or intestate. In the matter under consideration the testator specifically devised to his children the various parcels of land in Passaic, N. J., which he had contracted to sell. As the legal title to the land was in the decedent at the time of his death, his will transferred that title to his children. Our statutes can have no application to real estate situated in a foreign state; they cannot prescribe that the interest of the owner of real estate in a foreign state shall be personal property after such owner has executed a contract for the sale of the real estate. The section above referred to has reference to the administration of estates in this state and is designed to assist the executor or administrator in determining what part of the property of the decedent may be applied in liquidation of his indebtedness or distributed to the legatees or next of kin. While it may govern the action of an executor or administrator in the course of his administration of an estate, it can have no effect upon the nature of a decedent's title to real estate in a foreign state. Matter of Swift, supra, 137 N. Y. 86, 32 N. E. 1096, 18 L. R. A. 709. As the decedent held the legal title to the real estate in New Jersey at the time of his death, and as real estate situated in a foreign state is not subject to the provisions of our Tax Law, the appeal is sustained.

Settle order on notice, reversing the order fixing tax and remitting the report to the appraiser for the purpose of excluding from the taxable assets of the estate the amount remaining unpaid on contracts entered into by the decedent for the sale of his real estate in Passaic county, N. J.