# BEERS *v.* GLYNN, COMPTROLLER OF THE STATE OF NEW YORK.[1]

## ERROR TO THE SURROGATES' COURT OF THE COUNTY OF NEW YORK, STATE OF NEW YORK.

No. 45.   Argued December 9, 1908.—Decided January 4, 1909.

So far as the Federal Constitution is concerned, the power of the State in respect to taxation is very broad, and includes exemption of certain classes of property from taxation to which other property is subjected, and different classes may be taxed by different methods of procedure without violating the due process and equal protection provisions of the Fourteenth Amendment.

The provisions in the New York Inheritance Tax Law, chap. 713 of Laws of 1887, amending chap. 483 of the Laws of 1887, for taxing personalty of non-resident decedents who had owned realty in that State, are not unconstitutional as denying to those interested in estates of that class of decedents due process or equal protection of the laws, because no provision is made for taxing personalty of non-resident decedents who had not owned any realty in New York.

THE facts which involve the constitutionality of §§ 1 and 15 of the New York Inheritance Tax Law are stated in the opinion.

*Mr. Lucius H. Beers* for plaintiffs in error:

Chapter 713 of the Laws of 1887, in so far as it applied to the property of non-residents, was not capable of verbal separation as between provisions relating to the property of non-residents who owned land in the State and provisions relating to the property of non-residents who did not own land in the State, nor can the legislature have intended that it should apply to the former and not to the latter. Being unconstitutional under the Fourteenth Amendment as to the

---

[1] Original docket title Lord *v.* Glynn, Comptroller, etc.

property of such non-residents as did not own land in New York, in that it takes their property without due process of law, it was therefore unconstitutional as to the property of all non-residents.

It is quite clear from its language that the act of 1887 did not authorize any tribunal or officer to assess the tax on property of non-resident decedents, except in cases where the non-resident had owned land in New York. But if any question had existed it would have been settled by the decision of the Court of Appeals in *Matter of Embury*, 19 App. Div. 214; affirmed by Court of Appeals on opinion below, 154 N. Y. 746. Such being the provision of the act, it follows that the act was unconstitutional with respect to the large class of non-resident decedents who did not own real estate, because it sought to deprive the persons interested in such estates of their property without due process of law. *Hagar* v. *Reclamation District*, 111 U. S. 701, 710; *Spencer* v. *Merchant*, 125 U. S. 345, 355, 356; *Palmer* v. *McMahon*, 133 U. S. 660, 669; *Lent* v. *Tillson*, 140 U. S. 316, 328; *Fallbrook Irr. Dist.* v. *Bradley*, 164 U. S. 112, 157; *Bauman* v. *Ross*, 167 U. S. 548, 590; *Carson* v. *Brockton Comm.*, 182 U. S. 398, 401.

The constitutional and unconstitutional portions of a statute, to be separable, must each be capable of being read by itself; and further, even in a case where constitutional provisions may be severed from those which are unconstitutional, the rule applies only where it is plain that the legislative body would have enacted the legislation with the unconstitutional provisions eliminated. *Virginia Coupon Cases*, 114 U. S. 269; *United States* v. *Reese*, 92 U. S. 214; *Trade-Mark Cases*, 100 U. S. 82; *Allen* v. *Louisiana*, 103 U. S. 80; *Baldwin* v. *Franks*, 120 U. S. 678; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *United States* v. *Ju Toy*, 198 U. S. 253, 262; *Illinois Central R. R.* v. *McKendree*, 203 U. S. 514; *Employers' Liability Cases*, 207 U. S. 463.

Applying this rule to the present case, it will be seen that if the portions of the act of 1887 which relate to non-resident

decedents who do not own land in the State,—which provisions are unconstitutional under familiar decisions of this court,—are stricken from the act, there is no provision left in the act imposing a tax in this case.

The clauses above referred to have been brought to the attention of the highest court of New York State and that court in *Matter of Embury, supra,* held that as to non-residents who do not own land no officer or tribunal has been given power to assess the tax. With respect to non-residents who do not own land, the act of 1887 is therefore unconstitutional under the Fourteenth Amendment of the United States Constitution, in that it attempts to take their property without due process of law. *Hagar* v. *Reclamation District,* 111 U. S. 701, 710, and other cases cited, *supra.*

The rule of separability requires that the remaining portion of the act, after the unconstitutional provisions have been eliminated, shall be such as it is clear that the legislature would have enacted without the eliminated portions. That rule is not satisfied in the case at bar.

The discrimination shown by the attempt to tax the bonds of the decedent while bonds of the same class belonging to the estate of her husband, who died only ten days before her, were not taxed, constitutes a violation of the rule requiring the equal protection of the laws. *Minnesota Iron Co.* v. *Kline,* 199 U. S. 593, 598; *Bell's Gap R. R.* v. *Pennsylvania,* 134 U. S. 232, 237; *Walston* v. *Nevin,* 128 U. S. 578, 582; *Minneapolis Ry. Co.* v. *Beckwith,* 129 U. S. 26, 29; *Magoun* v. *Illinois Tr. & S. Bank,* 170 U. S. 283, 293; *A., T. & S. F. Ry.* v. *Matthews,* 174 U. S. 96, 104; *Mo., K. & T. Ry.* v. *May,* 194 U. S. 267, 269; *St. John* v. *New York,* 201 U. S. 633, 636; *Gulf, Colorado & Santa Fe Ry.* v. *Ellis,* 165 U. S. 150; *Matter of City of New York,* 190 N. Y. 350, 360.

*Mr. D. Cady Herrick* for defendant in error:

The power of the legislature of the State of New York to impose an inheritance tax upon personal property within the

State of New York, belonging to non-residents, has been upheld both by the courts of New York and this court. *Matter of Romaine,* 127 N. Y. 83; *Matter of Whiting,* 150 N. Y. 29; *Eidman* v. *Martinez,* 184 U. S. 582, and cases cited.

The imposition of the tax in the case at bar did not deprive plaintiffs in error of their property without due process of law. The decision in this case of the Court of Appeals of the State of New York, is conclusive upon this court, that the statute under which the tax was imposed was not in violation of the state constitution, and that the proceedings had, did not deprive the plaintiffs in error of their property without due process of law, within the meaning of the state constitution. Neither the statute under which the tax was imposed nor the proceedings by which it was imposed, are obnoxious to the Fourteenth Amendment of the Constitution of the United States.

The Fourteenth Amendment in no wise un `ertakes to control the power of a State to determine by what process legal rights may be asserted or legal obligations be enforced, provided the method of procedure adopted for these purposes gives reasonable notice, and affords fair opportunity to be heard before the issues are decided. *I. C. R.* v. *Iowa,* 160 U. S. 393.

There is nothing in the Federal Constitution to prevent the State of New York from imposing a tax upon personal property within the State of non-residents who own real estate therein, and exempting from taxation personal property within the State of non-residents owning no real estate therein. *Bell's Gap Ry. Co.* v. *Pennsylvania,* 134 U. S. 236, 238; *Pacific Express Co.* v. *Seibert,* 142 U. S. 339, 351; *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 287, 299; *Metropolitan Street Ry. Co.* v. *New York,* 199 U. S. 1, 47.

The plaintiffs in error present no case for this court under the Fourteenth Amendment to the Constitution, showing that they have been deprived of their property without due process of law, or that they have been denied the equal protection of the law.

Inequality of taxation presents no question for review under the Fourteenth Amendment of the Constitution. *Hayes* v. *Missouri,* 120 U. S. 68; *Merchants' Bank* v. *Pennsylvania,* 167 U. S. 461, 464; *Travelers' Ins. Co.* v. *Connecticut,* 185 U. S. 372.

The plaintiffs in error were not denied the equal protection of the law. A law cannot be held unconstitutional because there are no means provided for enforcing it against certain classes of persons or property.

The plaintiffs in error cannot assert the alleged defect in the law, because not affected by it. Cooley's Constitutional Limitations (7th ed.), 232; *Lee* v. *State of New Jersey,* 207 U. S. 67; *Hatch* v. *Reardon,* 204 U. S. 152; 160.

MR. JUSTICE BREWER delivered the opinion of the court.

The question presented in this case is the validity of a collateral inheritance tax on certain property bequeathed to plaintiffs in error by Emily M. Lord, deceased. The testatrix and her husband had lived for many years at Morristown, New Jersey. She died there January 18, 1892. At the time of her death she owned real estate situate in the State of New York, and certain personal property on deposit in a safe deposit company in the city of New York. The inheritance tax was claimed under chap. 713 of the Laws of the State of New York for 1887, entitled "An act to amend chap. 483 of the Laws of 1885, entitled 'An act to tax gifts, legacies and collateral inheritances in certain cases.'"

That act has twenty-six sections. It is sufficient, however, to refer to a part of § 1 and § 15:

"SEC. 1. After the passage of this act all property which shall pass by will or by the intestate laws of this State, from any person who may die seized or possessed of the same while a resident of this State, or if such decedent was not a resident of this State at the time of death, which property, or any part thereof, shall be within this State, . . . shall be and is

subject to a tax of five dollars on every hundred dollars of the clear market value of such property."

"SEC. 15. The Surrogate's Court in the county in which the real property is situate of a decedent who was not a resident of the State, or in the county of which the decedent was a resident at the time of his death, shall have jurisdiction to hear and determine all questions in relation to the tax arising under the provisions of this act, and the surrogate first acquiring jurisdiction hereunder shall retain the same, to the exclusion of every other."

It appears that the husband of the testatrix died in Morristown only ten days before his wife, but as he owned no real estate situate in the State of New York no inheritance tax was collected from his estate. In claiming the equal protection of the law under the Fourteenth Amendment counsel for plaintiffs in error, after pointing to the discrimination between the two cases, contend that—

"The act of 1887, in so far as it applied to the property of non-residents, was not capable of verbal separation as between provisions relating to the property of non-residents who owned land in the State and provisions relating to the property of non-residents who did not own land in the State, nor can the legislature have intended that it should apply to the former and not to the latter. Being unconstitutional under the Fourteenth Amendment as to the property of such non-residents as did not own land in New York, in that it takes their property without due process of law, it was therefore unconstitutional as to the property of all non-residents."

Also that—

"The imposition of a tax under the act of 1887 on the property bequeathed to these plaintiffs in error cannot be made without such a discrimination as will deny to them the equal protection of the laws."

We do not understand that the Court of Appeals of the State of New York has decided that the State has no power to collect an inheritance tax where the only property belong-

ing to the decedent situate within the State of New York is personalty, but simply that no provision has been made for reaching such a case.

Both parties refer to the *Matter of Embury,* 19 App. Div. 214, which was decided in June, 1897, by the First Department, and affirmed by the Court of Appeals on the authority of the opinion of the Appellate Division, 154 N. Y. 746. In that case it appears from the opinion in the Appellate Division that Philip Embury was a citizen and resident of New Jersey, and died at West Orange in that State after the passage of the act of 1887. He had no real estate in New York, but only certain personal property. He left a will, which was duly probated in the county of his residence, and thereupon the executors withdrew the personal property from New York to New Jersey, and settled up the estate in accordance with the terms of the will. The opinion, after referring to § 15 of the act of 1887, said (pp. 216–217):

"The statute, therefore, only conferred on the surrogate jurisdiction in the case of such non-resident decedents as should die seized of real estate within the surrogate's county. . . . In other words, the statute of 1885, as amended by the act of 1887, declared such of Embury's property as was in New York taxable, but omitted to give the Surrogate's Court jurisdiction to impose the tax, a situation to which an expression of the Court of Appeals in *The Matter of Stewart,* 131 N. Y. 284, is applicable: 'It is not enough for the legislature to declare that such interests are taxable. If no mode is provided for assessing and collecting the tax the law is imperfect and cannot, as to such interests, be executed.' A tax cannot be legally imposed unless the statute, in addition to creating the tax, provided for an officer or tribunal who shall appraise and assess the property on notice to the owner. *Stuart* v. *Palmer,* 74 N. Y. 188; *Remsen* v. *Wheeler,* 105 N. Y. 575. The principle decided in the cases cited applies to the transfer tax as well as to assessments for public improvements. *Matter of Mc-Pherson,* 104 N. Y. 321. . . . It is apparent, therefore,

that when the executors took the deposits and the bank stock out of the State for distribution, no tax had been imposed upon such property, and there was no method provided by law by which a tax could legally be imposed upon it. What they did they had not only the right, but it was their duty, to do. The legal title to the property in this State vested in them as the personal representatives of their testator by force of the laws of New Jersey. *Matter of Bronson*, 150 N. Y. 1. They were bound to take possession of it and make distribution according to the decree of the court having jurisdiction of the estate. Had a tax been imposed on the property, or had a statute providing for its imposition been in force, it would have been their duty to have paid it or to have requested the imposition of the tax, as the case might be, before removing the property."

Subsequently the Court of Appeals, in *The Matter of Fitch*, 160 N. Y. 87, 90, said, referring to the *Embury case*, that it "held by an affirmance on the opinion below, that while the statute declared such of Embury's property to be taxable as was situated in the city of New York, nevertheless as it omitted to authorize the surrogate to impose the tax, the order made by that officer was without jurisdiction."

Under this condition an inheritance tax may be collected where the decedent owns both personal and real property within the State of New York and not where the only property belonging to the decedent situate within the State is personalty. But though the operation of the statutes creates a difference, this even if intentional is not of itself sufficient to invalidate the tax. The power of the State in respect to the matter of taxation is very broad, at least so far as the Federal Constitution is concerned. It may exempt certain property from taxation while all other is subjected thereto. It may tax one class of property by one method of procedure and another by a different method. *Bell's Gap Railroad* v. *Pennsylvania*, 134 U. S. 232, 238; *Pacific Express Company* v. *Seibert*, 142 U. S. 339; *Merchants' Bank* v. *Pennsylvania*, 167 U. S. 461, 464;

*Travelers' Insurance Company* v. *Connecticut,* 185 U. S. 364; *Michigan Central Railroad* v. *Powers,* 201 U. S. 245. The right of exemption has been applied to succession taxes (*Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 283, 299), in which this court said:

"Nor do the exemptions of the statute render its operation unequal within the meaning of the Fourteenth Amendment. The right to make exemptions is involved in the right to select the subject of taxation and apportion the public burdens among them, and must consequently be understood to exist in the lawmaking power wherever it has not in terms been taken away. To some extent it must exist always, for the selection of subjects of taxation is of itself an exemption of what is not selected. Cooley on Taxation, 200; see also the remarks of Mr. Justice Bradley in *Bell's Gap Railroad* v. *Pennsylvania,* 134 U. S. 232."

Indeed, it may be laid down as a general rule that mere inequalities or exemptions in the matter of state taxation are not forbidden by the Federal Constitution.

There is no error in the rulings of the courts of the State of New York, and the judgment is

*Affirmed.*