In the Matter of the Transfer Tax upon the Estate of SUSAN A. KEENEY, Deceased.

FRED C. KEENEY, Individually and as Administrator, et al., Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

Tax — transfer tax — rate of tax — exemptions — classification of objects of taxation — when transfer assumed to have been made within the state.

The provisions of the Tax Law (L. 1896, ch. 908, § 220, subd. 3) will not be held invalid upon an objection made by persons subject to the lowest rate of taxation (with a single exception which would not invalidate the law), on the ground that the rate of taxation varies according to the

relation that a grantee of property subjected to taxation bears to the grantor, since they have no valid cause of complaint.

The fact that the transfer tax provisions of the Tax Law (L. 1896, ch. 908, art. 10) impose a tax where a life estate is reserved to the grantor, and exempts other transfers or conveyances, is not a discrimination so unreasonable that the statute can be declared invalid.

The right and power of governments to single out certain classes of objects for taxation, leaving other classes exempt or taxed at a different rate, or in a different manner, is unquestionable. It is subject, however, to the qualification that the classification must not be so purely arbitrary as to have no reason, not even an insufficient or merely a plausible reason, to justify it. There are sufficient reasons to support the classification made by this statute.

Where it is not claimed that the property conveyed in trust during the lifetime of a decedent to vest in a beneficiary on her death was outside the state, or that the deceased was not a resident of the state at the time the transfer was made, or that the transfer was not made here, it must be assumed the transfer was made within the state and a transfer tax may be imposed upon it after the death of the intestate.

*Matter of Keeney*, 128 App. Div. 893, affirmed.

(Argued January 7, 1909; decided February 9, 1909.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 16, 1908, which affirmed an order of the Kings County Surrogate's Court assessing a transfer tax upon property transferred by decedent prior to her death by a certain deed of trust.

The facts, so far as material, are stated in the opinion.

*George F. Canfield* for appellants. The trust deed in question was executed and delivered several years before the decedent's death, and at a time when she was in perfectly good health. It was not, therefore, in any proper sense of the term, a transfer in contemplation of death, or what is known as a gift *causa mortis*. It was strictly an instrument *inter vivos*, and was drawn in the usual form of instruments, the object of which is to vest in trustees the entire interest in the property for the benefit of certain life beneficiaries with a gift over of the remainder. (*N. Y. L. Ins. & T. Co.* v. *Cary*, 191 N. Y. 33; *Ridden* v. *Thrall*, 125 N. Y. 572.) The

property in question which has been assessed, having been transferred by an instrument *inter vivos*, and not by will, is not subject to the tax.   Subdivision 3 of section 220 of the Laws of 1896, chapter 908, under which this tax was assessed, is not applicable to the transfer in question ; for, in so far as it in terms applies to transfers *inter vivos*, it is unconstitutional, null and void, as involving an arbitrary, discriminatory and unequal tax upon the transfer of property.   (*Matter of Seaman*, 147 N. Y. 69 ; *Matter of Brandreth*, 169 N. Y. 437 ; 27 Am. & Eng. Ency. of Law, [2d ed.] 338, 339 ; *People ex rel. Hatch* v. *Reardon*, 184 N. Y. 431 ; *Matter of Connell*, 170 N. Y. 423.) The legislature cannot, under its general power of taxation over property, or the alienation of it *inter vivos*, impose a different rate of taxation as between lineal descendants and collaterals, or a different rate as between transfers which reserve a life estate and those making no such reservation, for such taxation would be discriminatory, and, therefore, unconstitutional.   (*Matter of Pell*, 171 N. Y. 48 ; *Matter of Green*, 153 N. Y. 223 ; *People ex rel. Hatch* v. *Reardon*, 184 N. Y. 431 ; *Matter of Sherman*, 153 N. Y. 1 ; *Magoun* v. *I. T. & S. Bank*, 170 U. S. 283 ; *People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8.)   The statute in question is arbitrarily discriminatory, in that it imposes a tax only upon a limited class of remainders, namely, remainders which take effect in possession or enjoyment after the death of the grantor, vendor or donor.   (*Matter of Pell*, 171 N. Y. 48 ; *People ex rel. Hatch* v. *Reardon*, 184 N. Y. 431 ; *People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8 ; *Magoun* v. *I. T. & S. Bank*, 170 U. S. 283 ; *G., C. & S. F. R. R. Co.* v. *Ellis*, 165 U. S. 150 ; *Pollock* v. *F. L. & T. Co.*, 157 U. S. 429.)   The statute in question is also unequal in its operation, imposing a tax of five per cent upon one class of persons and a tax of one per cent upon other classes of persons.   (*Matter of Pell*, 171 N. Y. 48.)

*John S. Bennett* and *William W. Wingate* for respondent. The interest of the beneficiaries under the trust deed in ques-

tion did not vest in possession until after the death of the donor, and said gifts were intended to and did take effect in possession and enjoyment at the death of Susan A. Keeney and were, therefore, taxable. (*Matter of Green*, 153 N. Y. 223; *Matter of Seaman*, 147 N. Y. 77; *Matter of Masury*, 28 App. Div. 580; *Matter of Bostwick*, 160 N. Y. 481; *Matter of Brandreth*, 169 N. Y. 437; *Matter of Cornell*, 170 N. Y. 423.) The tax imposed was not upon the property transferred, but upon the right of succession which passed to the beneficiaries. (*Matter of Pell*, 171 N. Y. 48; *Matter of Seaman*, 147 N. Y. 69; *Matter of Swift*, 137 N. Y. 88.) The act under which this tax was imposed is not so arbitrary, discriminating or unreasonable as to deprive the appellants of their property without due process of law or to withhold from them the equal protection of the law. (*Matter of McPherson*, 104 N. Y. 306; *Matter of Pell*, 171 N. Y. 48; *People ex rel. Hatch* v. *Reardon*, 184 N. Y. 431; *People* v. *Home Ins. Co.*, 92 N. Y. 328; *Genet* v. *City of Brooklyn*, 99 N. Y. 296; 1 Cooley on Taxation [3d ed.], 255; *Matter of Gould*, 156 N. Y. 423; *McGoun* v. *I. T. & S. Bank*, 170 U. S. 283; *Matter of Romaine*, 127 N. Y. 80; *Matter of Whiting*, 150 N. Y. 25; *Nichol* v. *Ames*, 173 U. S. 509.) It is immaterial whether the personal property mentioned in the trust deed was located in New Jersey or in New York. (L. 1896, ch. 908, § 220.)

CULLEN, Ch. J. This is an appeal from the affirmance of an order of the surrogate of Kings county imposing a transfer tax upon the estate of Susan A. Keeney, a resident of that county, who died in 1907. In June, 1903, the deceased, by a deed of trust, transferred to the Fidelity Trust Company of Newark, New Jersey, certain personal property consisting of bonds and stock upon trust to pay to her during life one-quarter of the income, and the remaining three-quarters to her three children, and after her death to continue to pay the income or transfer the principal to her said children or their issue as in said deed provided. It was not contended before

the surrogate that three-fourths of the trust estate, the income of which was payable to the intestate's children, were subject to a transfer tax (*Matter of Masury*, 28 App. Div. 580), but it was insisted that the remaining one-fourth, the income of which was reserved to the intestate during life, was subject to the tax, and the surrogate so held. From that decree the administrator of the estate appealed.

It is settled by the decisions of this court that under the terms of the statute this share was subject to taxation. (*Matter of Green*, 153 N. Y. 223, 228; *Matter of Brandreth*, 169 id. 437; *Matter of Cornell*, 170 id. 423.) This proposition the learned counsel for the administrator concedes, but at all stages of the proceeding he has challenged the validity of the act, claiming that it is unconstitutional and void. That is the question with which we have now to deal. In entering upon its discussion it must be first borne in mind that the tax sought to be imposed is not a property tax, but in the nature of an excise tax, to wit, on the transfer of property. "A tax is a property tax when imposed by reason of the ownership of property; a transfer tax when imposed on the method of its acquisition." (*Matter of Vanderbilt*, 172 N. Y. 69, 74.) It is not an inheritance or succession tax, but it is not necessary that it should be such to support the statute imposing it. In the recent case of *People ex rel. Hatch* v. *Reardon* (184 N. Y. 431) the validity of a statute imposing a tax upon the sale or transfer of shares of stock was upheld, and our decision was affirmed by the Supreme Court of the United States (204 U. S. 152). Hence there can be no doubt of the power of the state to impose a tax on transfers of other kinds of property. The appellant does not gainsay this general doctrine, but he urges that the statute now before us is unconstitutional as involving an "arbitrary, discriminatory and unequal tax upon the transfer of property" in two respects. *First*, that the rate of tax varies according to the relation the grantee bears to the grantor, and, *second*, that it singles out for taxation transfers where a life estate is reserved to the grantor, leaving all other transfers or conveyances exempt.

As to the first objection, the grantees in the deed in this case being children of the grantor are subject to the lowest rate of taxation (with the exception of certain exemptions which would not invalidate the law, *Beers* v. *Glynn*, 211 U. S. 477), and we cannot see that they have any valid cause for complaint that other grantees are subjected to a higher rate. That objection, if tenable, could be taken only by grantees taxed at the higher rate, and even if good would not render the statute void in entirety. It may be also observed that if the statute is to be construed as applicable only to voluntary transfers or gifts, as to which we express no opinion, the discrimination between relatives and strangers would seem to meet the approval of even the dissenting justice in *Magoun* v. *Illinois T. & S. Bank* (170 U. S. 283).

As to the second objection, that the statute taxes transfers only of one character, exempting others, we do not think that the discrimination is so unreasonable that the statute can be pronounced invalid. The right and power of governments to single out certain classes of objects for taxation, leaving other classes exempt or taxed at a different rate, or in a different manner, is unquestionable. (*Beers* v. *Glynn*, *supra.*) Such power has been exercised by all governments from the earliest times. It is subject, however, to the qualification that the classification must not be, as said by Judge VANN in *People ex rel. Farrington* v. *Mensching* (187 N. Y. 8, 16), "so purely arbitrary as to have no reason, not even an insufficient or merely plausible reason, to justify it." We think that there are sufficient reasons to support the classification made by the statute; at least that the classification cannot be said to be devoid of reasonable ground on which to rest. Inheritance tax laws have been very generally adopted throughout the states of the Union. A substantial part of the revenue necessary to support their governments is now derived from that source. A not wholly unnatural desire exists among owners of property to avoid the imposition of inheritance taxes upon the estates they may leave, so that such estates may pass to the objects of their bounty unim-

paired.  It is a matter of common knowledge that for this
purpose trusts or other conveyances are made whereby the
grantor reserves to himself the beneficial enjoyment of his
estate during life.  Were it not for the provision of the
statute which is challenged, it is clear that in many cases the
estate on the death of the grantor would pass free from tax
to the same persons who would take it had the grantor made
a will or died intestate.  It is true that an ingenious mind
may devise other means of avoiding an inheritance tax, but
the one commonly used is a transfer with reservation of a
life estate.  We think this fact justified the legislature in
singling out this class of transfers as subject to a special
tax.

It is also urged that the trust property was at the time of
the intestate's death in another state with the legal title in
the trustee.  This does not affect the liability of the transfer
to taxation.  The liability in this case accrued at the time of
transfer, no matter when imposed.  The imposition of it
after the death of the intestate is in conformity with the
practice adopted in the *Green, Brandreth* and *Cornell* cases,
already cited.  It was not claimed that at that time the
deceased was not a resident of this state, nor that the property
was not within this state, and the transfer here made.  The
trust deed recites that the grantor was of the borough of
Brooklyn.  The copy which appears in the record does not
contain the signature of the grantor, nor is the acknowledg-
ment filled out, but it would appear from the blank that the
deed was to be executed and acknowledged within this state.
In the objections filed to the appraiser's report no claim is
made to the contrary and we must, therefore, assume that the
transfer was made within this state.

The order appealed from should be affirmed, with costs.

EDWARD T. BARTLETT, VANN, WERNER, HISCOCK and
CHASE, JJ., concur ; WILLARD BARTLETT, J., absent.

Order affirmed.