# KEENEY, AS ADMINISTRATOR, v. COMPTROLLER OF THE STATE OF NEW YORK.

ERROR TO THE SURROGATE'S COURT OF THE COUNTY OF KINGS, STATE OF NEW YORK.

No. 81. Argued December 6, 1911.—Decided January 9, 1912.

The statute of New York of 1896, providing for a transfer tax on property passing by deed of a resident intended to take effect in possession or enjoyment at or after the death of the grantor, is not unconstitutional as taking property without due process of law nor does it deny the equal protection of the law by arbitrary classification of the subject-matter or by different rates of taxation depending on the relationship of the beneficiaries to the grantor.

The privilege of acquiring property by trust instrument, taking effect on the death of the grantor, is as much dependent on the law as that of acquiring property by inheritance and is subject to taxation by the State.

Where a state tax on the transfer of property does not offend the Constitution of the United States, its validity must be determined by the law of the State.

An excise on transfers does not become an *ad valorem* tax on the property conveyed because the amount is based on the value of such property. *Magoun* v. *Illinois Trust Bank*, 170 U. S. 283.

The Fourteenth Amendment does not diminish the taxing power of the State or deprive the State of the power to select subjects for taxation, but only requires that the citizen be given opportunity to be heard on questions of liability and value, and be not arbitrarily denied equal protection.

The Fourteenth Amendment does not require a State to tax all transfers because it taxes some transfers.

While there can be no arbitrary classification without denying equal protection of the law, there need not be great or conspicuous differences in order to justify a classification.

A State may impose a graduated tax on transfers of personal property by instrument taking effect on the grantor's death without violating the equal protection clause.

One assessed at the lowest rate under a graduated tax statute cannot

object to the constitutionality because others are taxed at the higher rate.

A statute imposing a graduated tax would not necessarily be held unconstitutional as to the initial rate, even if the provisions as to the higher rates were unconstitutional.

A State may impose a transfer tax based on personal property passing under a trust deed to take effect at the grantor's death if the property had its situs in that State when the deed was made.

Where the power to tax exists, the State may fix the rate and say when and how the amount shall be ascertained and paid, and if the personal property has its situs in the State when the deed is made, it may tax a transfer of personal property under a trust deed to a resident of the State to take effect at the grantor's death, although the personal property at that time may be without the State.

194 N. Y. 281, affirmed.

On June 13, 1903, Susan A. Keeney, a resident of New York, being in good health, executed in Kings County a deed, whereby she conveyed a cattle ranch in Texas and certain stocks and bonds to the Fidelity Trust Company of Newark, New Jersey, in trust, to hold the same during her lifetime, and to divide the net income equally between herself and her three children, two of whom reside out of the State of New York. The deed further provided that after her death the trustees should pay the entire income, or transfer the property, to her children, or their issue, on terms and limitations not material to this investigation. In the deed she "reserved the right to revoke or alter the whole or any part of the trust conveyance, at any time after six months notice in writing." She died March 29, 1907, being at the time a resident of Kings County, leaving an estate of the value of $25,000 and the three children as sole heirs at law.

In tax proceedings the proper officers found that the stocks and bonds were of the then value of $773,600, one-fourth ($193,400) being for the use of Mrs. Keeney for life, and the remainder to her children, being intended to take effect at her death. It was held that their in-

terest was subject to the tax imposed by the New York statute of 1896 (May 27, 1896, Laws 1896, v. 1, c. 908, § 220, Subd. 1, 3), which provides:

"A tax shall be and is hereby imposed upon the transfer of any property, real or personal . . . or of any interest therein or income therefrom, in trust or otherwise. · . . . (3) When the transfer is of property made by a resident or by a non resident, when such non resident's property is within this state, by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect, in possession or enjoyment, at or after such death."

Mrs. Keeney's administrator and children appealed on the ground that the taxable transfer act of New York, in so far as it imposes a tax upon property transferred *inter vivos*, violated the Fourteenth Amendment, in that it took the property without due process of law, and the different rates of taxation and classification were of such discriminatory a character as to deny the equal protection of the law.

The judgment was affirmed. The case is here on writ of error from the final order of the Surrogates' Court, entered in pursuance of the mandate of the Court of Appeals. 194 N. Y. 281.

*Mr. George F. Canfield,* with whom *Mr. Karl T. Frederick* was on the brief, for plaintiffs in error:

Even if the State was taxing a transfer of property (an assumption contrary to fact) the transfer in this case was strictly a conveyance *inter vivos*, and was in no sense testamentary. The tax must therefore be sharply distinguished from an inheritance tax. *Ridden* v. *Thrall*, 125 N. Y. 572; *Basket* v. *Hassel.*, 107 U. S. 602; *Knowlton* v. *Moore*, 178 U. S. 41; *United States* v. *Perkins*, 163 U. S. 625; *Matter of Brandreth*, 169 N. Y. 437; *Billings* v. *Illinois*, 188 U. S. 97; *Matter of Pell*, 171 N. Y. 48.

A tax upon the special form of transfers *inter vivos* covered by this act is unconstitutional because arbitrarily discriminatory and not based upon any legal or natural classification bearing any legally reasonable relation to the subject. *Nichol* v. *Ames*, 173 U. S. 509.

The tax in this case upon all remainders limited to take effect in possession after the death of the grantor is not imposed under the taxing power proper of the State, and cannot be upheld as an exercise thereof because it is based upon a classification which has no reasonable relation to taxation. *Frazer* v. *McConway Co.*, 82 Fed. Rep. 257; *Hatch* v. *Reardon*, 184 N. Y. 431; affirmed, 204 U. S. 152; *Farringdon* v. *Mensching*, 187 N. Y. 8; *Matter of Brandreth*, 169 N. Y. 437.

The tax cannot be upheld under the general regulative or police power of the State, because it is not imposed for the purpose of regulating or promoting any of those interests of society which may be regulated or promoted under the police power.

That line of reasoning is entirely untenable; because such an object does not come fairly within the scope of the regulative or police power of the State; is not limited to cases having any connection at all with the subject of inheritance taxation; and, even if limited to cases which might be availed of for the purpose of escaping taxation, the act would be entirely ineffective and useless to prevent the accomplishment of such a purpose. *Barbier* v. *Connelly*, 113 U. S. 27; *Mugler* v. *Kansas*, 123 U. S. 623; *Matter of Graves*, 52 N. Y. (Misc.) 433; *Matter of Edgerton*, 35 N. Y. App. Div. 125; *S. C.*, affirmed, 158 N. Y. 671.

The assumption that the tax is upon the transfer of property is contrary to fact. No such tax was imposed in this case, and the section of law under which the tax was imposed does not in effect provide for a tax upon "a transfer" of property but only upon "a coming into possession" of property previously transferred. *Matter of Gould*, 156

N. Y. 423; *Mugler* v. *Kansas*, 123 U. S. 623; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Soon Hing* v. *Crowley*, 113 U. S. 703; *Neal* v. *Delaware*, 103 U. S. 370; *Ex parte Virginia*, 100 U. S. 339; *Re Seaman*, 147 N. Y. 69; *Hatch* v. *Reardon*, 184 N. Y. 431; *Farrington* v. *Mensching*, 187 N. Y. 8; *Matter of Brandreth*, 169 N. Y. 437.

A tax upon the coming into possession of property is unconstitutional because it deprives appellants of their property without due process of law and denies to them the equal protection of the laws. *Matter of Pell*, 171 N. Y. 48.

The tax upon the coming into possession of the property in this case is also bad because the property was situated and the coming into possession took place in a State other than New York, and of the three persons beneficially interested in the property, two were non-residents of that State. The State, therefore, had no jurisdiction over such property. *Union Transit Co.* v. *Kentucky*, 199 U. S. 194; *Matter of Pell*, 171 N. Y. 48.

*Mr. William Law Stout* for defendant in error:

The enactment of rules, regulations and principles governing the transmission of property by will, intestacy or other conveyances testamentary in character and effect are within the exclusive province of the State. This court will look to the statutes of the State for the rules governing the descent and testamentary transfer, alienation and succession of property. This court will not only adopt but is bound by the decisions of the highest courts of the States as to the effect and interpretation of wills and instruments of title. *Orr* v. *Gilman*, 183 U. S. 278, 283, 290; *De Vaughn* v. *Hutchinson*, 165 U. S. 566, 570; *Clarke* v. *Clarke*, 178 U. S. 186, 190; *Magoun* v. *Illinois Trust Co.*, 170 U. S. 283; *Yazoo & Miss. Valley R. R. Co.* v. *Adams*, 181 U. S. 580, 583; *Eastern B. & L. Assn.* v. *Ebaugh*, 185 U. S. 114, 132; *L. & N. R. R. Co.* v. *Melton*, 218 U. S. 36; *Leffingwell* v. *Warren*, 2 Black, 599, 603; *Randall* v. *Brig-*

ham, 7 Wall. 523, 541; *Morley* v. *Lake Shore R. R. Co.,* 146 U. S. 162, 167; *Moffitt* v. *Kelly,* 218 U. S. 400, 405.

This court will also be bound by the decision of the highest court of the State that there is nothing in the statute or its enforcement in conflict with the constitution of the State, and that the proceedings taken therein for its ascertainment did not deprive the plaintiffs in error of their property without due process of law within the meaning of the state constitution. *Met. St. Ry. Co.* v. *Tax Commrs.,* 199 U. S. 1, 47; *Orr* v. *Gilman,* 183 U. S. 278, 283; *Carpenter* v. *Pennsylvania,* 17 How. 452; *Wallace* v. *Meyers,* 38 Fed. Rep. 184.

The interpretation and construction placed by the highest court of the State upon its statutes is conclusive upon this court. *Smiley* v. *Kansas,* 196 U. S. 447; *Hibben* v. *Smith,* 191 U. S. 310; *Blackstone* v. *Miller,* 188 U. S. 189, 207; *Watson* v. *Maryland,* 218 U. S. 173; *Kentucky Union Co.* v. *Kentucky,* 219 U. S. 140, 151; *Tilt* v. *Kelsey,* 207 U. S. 43, 56; *Lindsley* v. *Natural Gas Co.,* 220 U. S. 61.

The only question left to this court is whether the statute as interpreted by the highest court of the State is in violation of the Federal Constitution. *Mo. & Kan. R. R. Co.* v. *Haber,* 169 U. S. 613.

By the decisions of the courts of New York the intention of the grantor, vendor or donor must be found. This is the test of the alleged gift. The enjoyment for life of the former owner is a determining feature; necessarily the character of the gift is determined by the acts of the owner; the withholding of this possession and enjoyment of the corpus or any determinable part thereof, determines how much thereof is applicable to the statute. *Matter of Brandreth,* 169 N. Y. 437; *Matter of Green,* 153 N. Y. 223; *Matter of Crueger,* 66 N. Y. Supp. 636; *Matter of Cornell,* 170 N. Y. 423; *Matter of Skinner,* 106 App. Div. 217; *Matter of Palmer,* 117 App. Div. 360; *Matter of Ballard,*

76 App. Div. 207; *Matter of Bostwick*, 160 N. Y. 489; *Matter of Keeney*, 194 N. Y. 281.

The Fourteenth Amendment does not affect or control the States in the exercise of their sovereign authority to regulate inheritances and to determine the persons or objects upon which an inheritance tax shall be imposed. *Campbell* v. *California*, 200 U. S. 94.

The tax upon the right to testamentary successions is not in contravention or in violation of any provision of the Constitution of the United States. *Carpenter* v. *Pennsylvania*, 17 How. Pr. 456; *Mager* v. *Grima*, 8 How. Pr. 490; *Magoun* v. *Illinois Trust Co.*, 170 U. S. 283; *Knowlton* v. *Moore*, 178 U. S. 33; *Blackstone* v. *Miller*, 183 U. S. 189, 201; *Billings* v. *Illinois Trust Co.*, 188 U. S. 97, 104; *Chanler* v. *Kelsey*, 205 U. S. 466; *Moffitt* v. *Kelly*, 218 U. S. 400, 405.

The right to take property by devise or descent is a creature of the law and not a natural gift; since it is a privilege granted and conferred by the State, the State may confer particular rights of succession, but with them impose conditions, limitations, classifications, and impositions upon the right of each particular succession granted. Cases *supra* and *Plummer* v. *Coler*, 178 U. S. 115; *United States* v. *Perkins*, 163 U. S. 625, 628; *Wallace* v. *Meyers*, 38 Fed. Rep. 184; *Matter of Hoffman*, 143 N. Y. 329, 331; *In re Cullum*, 145 N. Y. 593.

The highest court of the State of New York has construed the statute imposing this tax as a tax upon the right to particular succession, and not upon the property. *In re Swift*, 137 N. Y. 77, 88; *In re Merriam*, 141 N. Y. 479, 484; *In re Hoffman*, 143 N. Y. 329, 331; *In re Cullum*, 145 N. Y. 593; *In re Sherman*, 153 N. Y. 1, 6; *In re Dows*, 167 N. Y. 227, 232; *In re Vanderbilt*, 172 N. Y. 69, 72.

The interpretation of the tax as one upon the right of testamentary successions has been uniformly recognized by this court. Cases *supra* and *Louisville & Nashville R.*

*R. Co.* v. *Melton,* 218 U. S. 36; *United States* v. *Fox,* 94 U. S. 315.

This court will take it to have been found that the possession or enjoyment of the property passed to the plaintiffs in error, at the death of Susan A. Keeney, and that the statute was applicable to the right of succession of the plaintiffs in error to the remainders therein which vested in possession and enjoyment at her death. Cases *supra* and *Williams* v. *Arkansas,* 217 U. S. 79; *Watson* v. *Maryland,* 218 U. S. 173; *Gulf, Col. & Santa Fe Ry. Co.* v. *Ellis,* 165 U. S. 150; *Bell's Gap R. R. Co.* v. *Pennsylvania,* 134 U. S. 232; *Board of Education* v. *Illinois,* 203 U. S. 553, 563; *Orient Ins. Co.* v. *Daggs,* 172 U. S. 557; *Orr* v. *Gilman,* 183 U. S. 278, 287; *Cahen* v. *Brewster,* 203 U. S. 552; *Ozan Lumber Co.* v. *Union County Bank,* 207 U. S. 251.

The classification of remainders which take effect in possession and enjoyment at or after the death of the grantor, donor or vendor, wherein the beneficial enjoyment of the property is reserved to the grantor, donor or vendor, is not unreasonable, unjust or arbitrary. Cases *supra* and *Heath-Milligan Co.* v. *Worst,* 207 U. S. 338, 354.

The Constitution does not, generally speaking, control the power of the State to select and classify subjects of taxation. Cases *supra* and *Cahen* v. *Brewster,* 203 U. S. 543, 549; *Orr* v. *Gilman,* 183 U. S. 278, 287; *Provident Savings Institution* v. *Malone,* 221 U. S. 661, 666.

The cases cited sustain the proposition that the statute imposing a tax upon the transfer of this class of remainders, limited to vest in possession and enjoyment at the death of the donor, the former owner of the property, and which cannot vest at any other time or upon any other contingency, does not deprive the plaintiffs in error of any of their rights or any of the privileges and immunities of citizens of the United States, nor does it violate the Fourteenth Amendment or any provision of the Constitution

of the United States. See also *McMillen* v. *Anderson*, 95 U. S. 37.

Mr. Justice Lamar, after making the foregoing statement, delivered the opinion of the court.

So much of the New York statute, as imposes an inheritance tax, was sustained in *Plummer* v. *Coler*, 178 U. S. 115, and in several decisions of the Court of Appeals of that State. But the plaintiffs insist that there is a radical difference between an inheritance tax and one on transfers *inter vivos*. The first, they say, is an excise, imposed on a privilege; while that complained of here is really on property, though called a tax on a transfer. They argue that inheritance taxes have been sustained on the ground (*United States* v. *Perkins*, 163 U. S. 625), that no one has the natural right to acquire property by will or descent, and if the State permits such acquisition, it may require the payment of a tax as a condition precedent to the right of using that privilege. On the other hand, they contend that the right to convey, or come into possession, does not depend upon a statutory or taxable privilege, but is a right incident to the ownership of property, and that the tax imposed by the statute on that right is in effect a tax on the property itself, and void because lacking in the elements of uniformity and equality required in the assessment of property taxes.

But, if any such distinction could be made between taxing a right and taxing a privilege, it would not avail plaintiffs in the present case. There is no natural right to create artificial and technical estates with limitations over, nor has the remainderman any more right to succeed to the possession of property under such deeds than legatees and devisees under a will. The privilege of acquiring property by such an instrument is as much dependent upon the law as that of acquiring property by

inheritance, and transfers by deed to take effect at death, have frequently been classed with death duties, legacy and inheritance taxes. Some statutes go further than that of New York, and tax gratuitous acquisitions under marriage settlements, trust conveyances, or other instruments where the transfer of property takes effect upon the death, not merely of the grantor, but of any person whomsoever.

This was true under the Internal Revenue Act of 1864 (June 30, 1864, 13 Stat. 223, c. 173). It imposed a succession tax on "all dispositions of real estate, taking effect upon the death of any person." It was not apportioned, and would have been void if a tax on property. But it was held that "it was not a tax on land," since "the succession or devolution of the real estate is the subject matter of the tax . . . whether . . . effected by will, deed or law of descent." *Scholey* v. *Rew*, 23 Wall. 331, 347, cited and followed, *Knowlton* v. *Moore*, 178 U. S. 41, 78–81.

Wherever the amount of a tax is, as here, to be measured by the value of property, it has been earnestly argued that it was to tax the property itself, and that to ignore that feature is to put the name above the fact. But when the State decides to impose such a tax the amount must be determined by some standard. To require the same amount to be paid on all transfers is not so fair as to impose the burden in proportion to the value of the property. An excise on transfers therefore does not lose that character because the amount to be paid is determined by the values conveyed. In view of the decisions in *Magoun* v. *Illinois Trust Bank*, 170 U. S. 283, and other cases already cited, it is unnecessary to review the arguments *pro* and *con*, and again point out the distinction which has been made and sustained between excises and ad valorem taxes. We therefore accept the conclusion of the Court of Appeals of New York that the statute of

that State imposing a tax on the transfers of property "intended to take effect in possession or enjoyment at or after the death of grantor" is "not a property tax, but in the nature of an excise tax on the transfer of property." 194 N. Y. 281.

The validity of the tax must be determined by the laws of New York. The Fourteenth Amendment does not diminish the taxing power of the State, but only requires that in its exercise the citizen must be afforded an opportunity to be heard on all questions of liability and value, and shall not, by arbitrary and discriminatory provisions, be denied equal protection. It does not deprive the State of the power to select the subjects of taxation. But it does not follow that because it can tax any transfer (*Hatch* v. *Reardon*, 204 U. S. 152, 159), that it must tax all transfers, or that all must be treated alike.

It is true that in New York it is as lawful to create an estate for life, with remainder after the death of grantor, as it is to convey in fee, or with remainder after the death of a third person, or on the happening of a particular event. But there is a difference in law as well as in practical effect between these various estates. Every encouragement is given to making conveyances in fee. But, from an early date, public policy has been opposed to the private interest which impelled men to withdraw property from the channels of trade and tie it up with limitations intended, among other things, to secure to the beneficiary the use of the property, while at the same time removing it, to some extent, from liability for his debts. The favored transfers in fee need not be taxed with the latter, even though the law permits their creation. These latter estates also differ among themselves. Where the grantor makes a transfer of property to take effect on the death of a third person, it might, under the ruling in *Scholey* v. *Rew, supra*, be taxed as a devolution or succession. But under such an instrument the grantor does not retain the use and power during

his own lifetime, the remainder does not fall in at his death, and such conveyances would not be so often resorted to as a means of evading the inheritance tax. 194 N. Y. 287. They are not so testamentary in effect as those transfers wherein the grantor provides that the property shall go to his children, or other beneficiary, at and after his death.

The New York statute recognizes this difference. It imposes a tax on transfers by descent, or will, which take effect at the death of the testator; and then a tax upon transfers made in contemplation of death. It was but logical to take the next step, and tax transfers intended to take effect at or after the death of the grantor—even though that event was not actually impending when the deed was signed.

There can be no arbitrary and unreasonable discrimination. But when there is a difference it need not be great or conspicuous in order to warrant classification. In the present instance, and so far as the Fourteenth Amendment is concerned, the State could put transfers intended to take effect at the death of the grantor in a class with transfers by descent, will or gifts in contemplation of the death of the donor, without, at the same time, taxing transfers intended to take effect on the death of some person other than the grantor, or on the happening of a certain or contingent event.

As to the other discriminatory features which, it is alleged, operate to deny the equal protection of the law, it is sufficient to say that it is now well settled that the State may impose a graduated tax in this class of cases. *Magoun* v. *Illinois Trust and Savings Bank*, 170 U. S. 283, 298. The plaintiffs in error being children of the grantor were assessed at the lowest rate. They are, therefore, not in a position to take advantage of the fact that transfers to collaterals and strangers in blood are, by this act, taxed at a higher rate. The entire statute would not be invalidated

even if that feature should ultimately be held to be discriminatory and void.    194 N. Y. 286.

The real estate and tangible property in Texas were not within the taxing jurisdiction of the State of New York, and there was no effort to tax the transfer of that property. *St. Louis* v. *Ferry Co.*, 11 Wall. 423, 430; *Tax on Foreign Held Bonds*, 15 Wall. 301, 319.    It is urged that on the same principle the stocks and bonds could not be taxed because they were in New Jersey in the hands of a trustee holding title and possession, by virtue of a deed made three years before the grantor died.

But the statute does not impose a tax on the property, but on the transfer.    The validity of that burden must be determined by the situation as it existed in 1903, when the deed was made.    At that time the grantor was a resident of the State of New York.    This personal property there had its situs.    She there made a transfer, which was taxable, regardless of the residence of the trustee or beneficiary. The fact that the assessment and payment were postponed until the death of the grantor would be a benefit to the remainderman in the many instances in which values decreased.    But where the power to tax exists, it is for the State to fix the rate and to say when and how the amount shall be ascertained and paid.    The fact that the liability was imposed when the transfer was made in 1903, and that payment was not required until the death of grantor in 1907, does not present any Federal question.

*Affirmed.*