In the Matter of the Estate of LOUISA S. COLE.

Surrogate's Court, New York County, August 14, 1931.

*Merrill, Rogers, Gifford & Woody* [*Joseph F. McCloy* of counsel], for the appellants.

*Charles A. Curtin* [*Seth T. Cole* of counsel], for the State Tax Commission.

O'BRIEN, S. This is an appeal by the executrix and devisees of the above-named decedent from the report of the appraiser and the *pro forma* order fixing tax entered thereon on June 19, 1930. The grounds of appeal are (1) that a tax has erroneously been assessed at five and six per cent on certain real property belonging to the decedent which was devised under the will to nieces of the decedent; (2) that the surrogate is without jurisdiction to fix or assess any tax whatsoever upon the transfer of said real property; (3) that the New York law regarding taxable transfers is wholly void in respect to taxing real property of resident decedents as article 10 and article 10-A of said law provide a higher rate for resident decedents than for non-resident, thereby constituting an illegal and unconstitutional classification; (4) that the law regarding taxable transfers is rendered wholly void and is in contravention of sections 1 and 6 of article 1 of the Constitution of the State of New York, and section 1 of the Fourteenth Amendment of the Constitution of the United States, the Fifth Amendment of the Constitution of the United States and section 2 of article 4 of the Constitution of the United States.

The decedent died a resident of New York county on January 24, 1929. Her estate consisted of real estate located in New York valued at $41,800 and personal property consisting of mortgages and mortgage certificates valued at $19,854, a total of $61,654.15. Funeral and administration expenses reduce the net value of the estate to $56,797.78. After the payment of a $5,000 legacy, the residue was divided between two nieces of the decedent, each receiving $25,898.89. Under section 221-a of the Tax Law (as amd. by Laws of 1921, chap. 476), the interest of each niece was assessed five per cent on $25,000 and six per cent on the balance of $898.89, the total tax assessed against each niece being $1,304.03.

By chapter 143 of the Laws of 1925 the Legislature divided the Tax Law, as then existing, into two parts, consisting of articles 10 and 10-A. Article 10 retained substantially the same provisions as the prior law except that all references to non-residents was eliminated. Article 10-A dealt exclusively with non-resident estates and permitted them to pay a tax of three per cent upon the total value of property, after deduction of expenses, passing irrespective of the

relationship of the transferees, or two per cent upon all property without allowance for any deduction. Under this law, article 10-A, non-residents in some cases paid a higher tax than residents under article 10 and in other cases, a lower tax. On an appeal in a non-resident estate where a higher tax was paid, the Court of Appeals declared article 10-A unconstitutional as being in conflict with section 2 of article 4 of the Federal Constitution which prohibits discrimination against citizens of another State. (*Smith* v. *Loughman*, 245 N. Y. 486.) As a result of this decision the Legislature, by chapter 330 of the Laws of 1928, in effect March 12, 1928, passed a new article 10-A. This article contained substantially the same provisions as article 10-A of the Laws of 1925, except that it contained a clause* intended to cure the above defect. This clause provided that in any case a non-resident estate would not be taxed to greater degree than the estate of a resident. Applying this law to the case at bar, if this decedent had died a resident of any other State than New York, the beneficiaries Ethel M. Cole and Dorothy M. Cole, nieces of the decedent, would have paid a tax at the rate of two per cent, or $517 each, whereas under the Tax Law relating to the estates of residents they are taxed at five and six per cent, or $1,304.03 each. The law which has occasioned the controversy herein presented was in effect from March 12, 1928, to September 1, 1930, when the whole system of taxation was changed.†

The Tax Commission contends that the purpose of the above division in the statute of 1925 was to simplify the procedure for the assessment and payment of taxes on non-resident estates and to impose a tax that would be moderate and reasonable. They argue that neither under article 10 nor article 10-A is the tax levied upon real or personal property as such. They contend that under article 10 the tax is upon the right of the beneficiary to receive a share of the decedent's estate and under 10-A the tax is an estate tax upon the transmission of the property by the decedent and that, except where this classification is wholly without reason, the Legislature had power to pass such an act. In support of its contention it cites *Keeney* v. *New York* (222 U. S. 525, 535); *Beers* v. *Glynn* (211 id. 477) and numerous other cases of like import. In considering whether the personal and real property of resident and non-resident estates is taxable or the right to succession or transmission is taxable, it must be borne in mind that taxes are not imposed on abstractions and though they may be paid by the executor or administrator of the estate, they ultimately fall on some person.

The Court of Appeals in *Smith* v. *Loughman* (*supra*) refused to

---

* See § 248-b.— [REP.  † See Laws of 1930, chap. 710.— [REP.

permit the difference in form and nature of two taxes to justify discrimination against the non-resident. It cannot be said with respect to the case at bar that there is an essential difference in the real property of a resident and a non-resident. While it is true that under the numerous cases cited by the respondents the Legislature may differentiate between residents and non-residents in enacting a tax law, nevertheless equality must be preserved.

The respondents contend that under this law all real property of non-residents is treated alike, and all real property of residents is treated alike; that, although the real property of a resident decedent is placed in a different class from the real property of a non-resident, yet within the class there is no difference. But is not real property located in New York State, whether owned by a resident decedent or a non-resident decedent, in the same class? I hold that it is. It cannot be said that equality exists under a statute which gives a non-resident a privilege which a resident cannot enjoy. Whether the question arises under section 2 of article 4 of the United States Constitution, as it did in *Smith* v. *Loughman,* or under section 1 of the Fourteenth Amendment, the question to be determined is one of equality. The reasoning of the court in the case of *Smith* v. *Loughman* is inescapable and is decisive on the case at bar, and article 10 of the Tax Law, in so far as it attempts to impose a tax on real property of a resident decedent, is in contravention of section 1 of the Fourteenth Amendment to the Constitution of the United States, and is, therefore, unconstitutional.

Submit order on notice modifying the order assessing tax accordingly.