THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD FERRIS, Respondent, v. FRANK N. HORTON, Chief of Police of the City of Oneonta, N. Y., Appellant.*

Third Department, January 19, 1934.

*Donald H. Grant*, for the appellant.

*George L. Bockes*, for the respondent.

*John J. Bennett, Jr., Attorney-General [Joseph M. Mesnig* and *Henry Epstein* of counsel], intervenors.

* Affg. 147 Misc. 506.

RHODES, J.   Prior to the amendment by chapter 792 of the Laws of 1931 to section 1897 of the Penal Law, which regulates the carrying and use of dangerous weapons, the respondent herein possessed a pistol permit which remained in full force and effect at the time of such amendment.

Respondent was an employee of a department store in the city of Oneonta, N. Y., and part of his regular duties consisted in the transportation of large sums of cash.   Upon the taking effect of the amendment referred to, the respondent applied to the county judge of Otsego county for a pistol permit, but in connection with such application refused to furnish fingerprints and photographs, and maintained that his permit previously granted was still valid and that the amendment was invalid in so far as it attempted to destroy the continuing force of respondent's previous permit.   The learned county judge did not issue an unqualified permit, but issued a statement or certificate in the following form:

" OTSEGO COUNTY COURT CHAMBERS
" ONEONTA, NEW YORK
" LEE D. VAN WOERT, COUNTY JUDGE
" ONEONTA, N. Y., *December* 8, 1931.

" *To All Peace Officers and To Whom It May Concern:*

" This will certify that Harold F. Ferris residing at Oneonta in the County of Otsego, N. Y., has

" (1) Applied to me for renewal of permit to possess and/or carry concealed a pistol or revolver.

" In view of the fact that application blanks and license forms, reasonable, suitable and adequate (in my opinion), have not as yet been provided for use in this County, no license has been issued and will not be so issued until appropriate facilities are provided.   In case the above-named applicant should come under your scrutiny, it is suggested that you communicate directly with me before taking any action and that you further consider that the citizen has always been accorded the right to protect himself, his family and his property in any reasonable way and without unreasonable restriction.

" LEE D. VAN WOERT,
" *Otsego County Judge.*

" *To the above-named Applicant:*

" Your application is on file and you will receive further notice as soon as possible.   We are hopeful that some change will be made in the present drastic requirements and that the unwieldy and awkward provisions of the law will be modified at the next session of the New York Legislature.

" LEE D. VAN WOERT,
" *Otsego County Judge.*"

Thereafter respondent was arrested by the chief of police of the city of Oneonta charged with possessing and carrying a revolver unlawfully, in violation of said section 1897. Thereupon the respondent applied to the said Otsego county judge for a writ of habeas corpus, which was granted and which has been sustained on the ground that said section is unconstitutional.

The validity of the section in question, as it formerly existed, was determined in *People ex rel. Darling* v. *Warden of City Prison* (154 App. Div. 413). It was there held that the statute was a legitimate exercise of the police power of the State. The subject is therein so fully discussed and the prevailing opinion constitutes such a complete answer to most of the objections herein raised that further consideration is unnecessary.

The respondent urges, however, that the section is unconstitutional in that it requires an application for a permit to be made on blanks to be approved as to form, except in the city of New York, by the Superintendent of State Police, and that the form thus approved requires the applicant to answer the question, " Do you possess a pistol or revolver?" It is urged that this might require of an applicant self-incrimination on oath; that if he innocently had become the possessor of a pistol before obtaining a permit, his declaration on his application that he then possessed a pistol would render him liable to prosecution for the crime of such possession and that thereby he would be compelled to give testimony which might tend to show that he had committed a crime. A sufficient answer to this proposition seems to be the fact that the applicant is not compelled to make the application. Undoubtedly large numbers of the citizens of our State do not carry or possess pistols, and find no necessity for making application for a permit. The making of such application rested in the volition of respondent.

A further ground of objection advanced as to the validity of the statute is that it is an attempt by the Legislature to impose upon the judiciary ministerial and administrative functions. This proceeding, however, is not one wherein it is sought to compel a judicial officer to perform such functions. It does not appear that the learned county judge refused to act because of any such reason. In any event, the respondent, not being a judicial officer, is not in a position to raise the question. It is a firmly established principle of law that the constitutionality of a statute may not be attacked by one whose rights are not affected by the operation of the statute. (12 C. J. § 177, p. 760; *Matter of Keeney*, 194 N. Y. 281; affd., 222 U. S. 525; *People* v. *Brooklyn, F. & C. I. R. Co.*, 89 N. Y. 75.)

Another objection interposed by the respondent is that the amendment of 1931 to the section is unlawful in so far as it attempts

to revoke a license previously lawfully granted to him, which was unlimited as to time.

It seems hardly necessary to point out that the license previously issued was not a grant of a vested right which could not be modified or revoked. Respondent did not possess the inherent right without restriction or regulation to possess and carry a dangerous weapon. That right is subject to reasonable regulation by the sovereign power represented by the Legislature. While it authorized the issuance of a license, such license was necessarily issued and held subject to the right of the Legislature to regulate, modify or annul. Furthermore, the statute provides that such a license may be revoked at any time.

As to the numerous objections and criticisms so earnestly presented to us, we can but reiterate what was pointed out in *People ex rel. Darling* v. *Warden of City Prison (supra)*, that the question of the wisdom of the statute is for the Legislature rather than for the court. Following that case it must be held that the present statute is valid.

While respondent's argument is untenable as to the grounds for holding his previous license still valid, such license, however, by the terms of the section itself, is still in force. By chapter 475 of the Laws of 1924, subdivision 10 of the section was amended by adding at the end thereof the following: " But if before the date of the expiration thereof the licensee apply for a renewal, the term of such license shall thereby be extended until the application for renewal shall have been disposed of by such commissioner, judge or justice." This provision was continued in substantially the same language and form when the section was again amended in 1931.

As hereinbefore stated, the respondent applied for a new license; suitable blanks and license forms had not been received; respondent's application was placed on file and he was to receive further notice as soon as possible. His application has never been finally disposed of and the license previously issued to him is, therefore, still valid. Thus the facts do not constitute the crime with which he was charged and his discharge from custody was proper.

The order appealed from should, therefore, be affirmed.

CRAPSER, J., concurs; HILL, P. J., McNAMEE and HEFFERNAN, JJ., concur in the result on the ground that relator had a license.

Order sustaining the writ and discharging the relator affirmed.