In the Matter of the Estate of George L. Buckman, Deceased.

Surrogate's Court, New York County, July 1, 1944.

*Jesse S. Richman* for Samuel K. Trimmer, individually and as executor of Catherine B. Trimmer, deceased, respondent.

*Reeves, Todd, Ely & Beatty* for executors of Alexander Glassford, deceased.

*William W. Pellet* for Marie H. Warnock, individually and as executrix of Henry B. Hegeman, deceased, and others, respondents.

*Clarence B. Campbell* for Isabel Kay and others, residuary legatees.

*Nichols & Belford* for Robert C. Brown, as executor of George L. Buckman, deceased, petitioner.

DELEHANTY, S. In the years 1932, 1936 and 1938, respectively, deceased made substantial gifts. Ultimately the Internal Revenue authorities asserted that an estate tax was due on the sums so transferred. Though the gifts were in each instance either taxable as a whole or tax free as a whole the pressure of the revenue authorities upon the executor eventually produced the wholly irrational result that there were included in the taxable estate minor fractions of the capital values of each of the gifts. The exaction by the revenue authorities of this tribute from the beneficiaries produced the problem now before the court for solution.

Nonresident beneficiaries of certain of the gifts were cited to attend before this court for fixation under section 124 of Decedent Estate Law of their respective contributions to the estate tax thus exacted by the revenue authorities. Service of citation upon them was effected on some of them outside this State pursuant to the statutes of this State. Persons so served outside this State appeared specially in the proceeding. They assert that any action by this court purporting to fix a liability on their part to contribute to the estate tax will constitute an unconstitutional deprivation of their property and a denial of due process. The question thus posed requires consideration of the nature of the proceedings undertaken by a Surrogate's Court under the authority of section 124 of Decedent Estate Law.

The subject matter was discussed by this court in *Matter of Ryle* (170 Misc. 450), *Matter of Harjes* (170 Misc. 431) and *Matter of Kaufman* (170 Misc. 436). The cases in the Court of Appeals of this State and in the United States Supreme Court were adequately discussed in the cases cited and no restatement of the authorities is necessary. The certainty of taxes has long been matter of common speech. The existence of the sovereign right to exact a toll for the privilege of transfer of property from the dead to the living has long been an accepted element in the economy of this country. Long prior to the first of the gifts taxed as part of deceased's tax estate, the area of the sovereign's right to tax had been established to be

broad enough to cover rights acquired by donees. Historically the subject matter of the regulation of transfers has been a State function repeatedly confirmed to the States by decision of our highest court. There is not and never has been any constitutional guarantee that a donee may take property free of tax. (*Keeney* v. *New York*, 222 U. S. 525.)

The administration of estates generally is committed to the States. The determination of the impact of estate taxes, both Federal and State, is now and long has been one of the most important factors in the administration of estates. One need only examine the current decisions of the courts over the last two decades to be satisfied that the primary task of estate fiduciaries is the ascertainment of the estate tax due and the finding of funds with which to make payment. In other words, the *res* of the fixation and the payment of estate taxes is indissolubly one with estate administration.

Since the fixation and collection of the tax is an integral part of an estate administration there can be no doubt that this court, in the exercise of its jurisdiction in rem, has complete power to determine the obligations of donees to contribute to the tax, whether such donees be residents or nonresidents. The co-ordinate branch of this court reached the same conclusion in *Matter of Feist* (N. Y. L. J., May 27, 1940, p. 2411, col. 2).

For all the reasons stated the challenge to jurisdiction of the court is held to be without basis. The persons who appeared specially may if they choose appear generally and their time to interpose objections, if any, to the account is extended to August 1, 1944. The court thereafter will fix a date for the hearing of the objections already filed and any that may be filed pursuant to this leave. Before such hearing date a schedule showing a proposed allocation of the estate taxes should be filed and served upon the parties who have appeared by attorneys. Proceed accordingly.