FLORES ALVAREZ & Co., demandante y apelante, *v.* JUAN G. GALLARDO, como Tesorero de Puerto Rico, demandado y apelado.

No. 3925.—*Visto:* Noviembre 24, 1926. *Resuelto:* Diciembre ·23, 1926.

1. LEY DE RENTAS INTERNAS—INTERPRETACIÓN Y ''OPERATION'' DE LA MISMA— DERECHOS SOBRE VENTAS—CONTRIBUCIÓN SOBRE VENTAS COMO ARBITRIO.—La contribución sobre ventas impuesta por la sección 62 de la Ley No. 85 de 1925 (p. 627) no es una contribución sobre la propiedad y sí un arbitrio, y especialmente es así porque se impone no sobre todas las ventas sino sobre las que son objeto de comercio.

2. CONTRIBUCIONES—PRESCRIPCIONES Y LIMITACIONES CONSTITUCIONALES—UNIFORMIDAD—CONTRIBUCIÓN APLICABLE A UNA DETERMINADA LOCALIDAD.—Siendo la contribución sobre ventas objeto de comercio impuesta por la sección 62 de la Ley No. 85 de 1925 (p. 627) aplicable a toda la Isla, la misma es uniforme dentro del artículo 2, párrafo 22 del Acta Jones (marzo 2, 1917, Fed. Stat. Ann. 1918).

3. LEY DE RENTAS INTERNAS—CONSTITUCIONALIDAD DE LA MISMA—DERECHOS SOBRE VENTAS—VENTAS DE ARTÍCULOS OBJETO DE COMERCIO.—La contribución impuesta por la sección ·62 de la Ley No. 85 de 1925 (p. 627) sobre las ventas de artículos objeto de comercio que no estén especificados de otra manera en o exentos de, contribución por dicha ley, es un arbitrio uniforme y válido.

4. LEY DE RENTAS INTERNAS—INTERPRETACIÓN Y ''OPERATION'' DE LA MISMA— DERECHOS SOBRE VENTAS—INTENCIÓN LEGISLATIVA.—Con respecto a la contribución sobre ventas impuesta por la Ley No. 85 de 1925 (p. 627), la intención de la Legislatura fué imponerla sobre las primeras producciones o ventas, la fabricación o introducción de artículos objeto de comercio en Puerto Rico, sin que tal interpretación de la ley exima de contribuciones a determinadas personas.

5. LEY DE RENTAS INTERNAS—CONSTITUCIONALIDAD DE LA MISMA—DERECHOS SOBRE VENTAS—EXENCIONES Y EFECTO.—La exención que en cuanto al pago de la contribución de venta que impone la sección 62 de la Ley No. 85 de 1925 (p. 627), establece la 83 de dicha ley a favor de aquéllos cuyas ventas mensuales sean menores de $100 no hace que dicha ley sea anticonstitucional.

SENTENCIA de *Miguel A. Muñoz,* J. (San Juan), declarando sin lugar la demanda. *Confirmada.*

*J. J. Ortiz Alibrán,* abogado de la apelante; *Hon. George C. Butte, Attorney General,* y *C. Llauger Díaz* y *José A. López Acosta,* primer y segundo Attorney General auxiliar, respectivamente, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En una acción sobre devolución de contribuciones pagadas bajo protesta, la demandante demostró que su principal negocio consistía en la venta al por mayor y detall de calzado y otros efectos para caballeros, y que realizó ventas de dichos artículos por valor de $40,009.68 durante los meses de septiembre y octubre de 1925; y que por virtud de la sección 62 de la ley de agosto 20 de 1925, la demandante había pagado bajo protesta al Tesoro el 2 por ciento de dicha cantidad, o sea, la suma de $800.19.

La Corte de Distrito de San Juan dictó sentencia en contra de la demandante. La opinión de la corte inferior consideró y desestimó las diferentes contenciones de la demandante tendentes a establecer la anticonstitucionalidad de la ley de la Legislatura. Resolvió que no se trataba de una contribución sobre la propiedad, y sí de un arbitrio. Se nos ha llamado también la atención hacia la opinión del Juez Well de la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico en el caso de *Valdés et al.* v. *Gallardo,* caso en equidad No. 1313, que cubre en parte las mismas cuestiones aquí planteadas y que sostiene la legalidad de la contribución. Haremos completo uso de ambas opiniones al resolver el presente caso.

[1] El primer señalamiento es que la corte erró al resolver que la contribución no se imponía directamente sobre la propiedad. Manifiesta la apelante que sin duda alguna la sección 62 de la Ley de agosto 20 de 1925 impone una contribución sobre todas las ventas, excepto las exentas en la sección 83 de la misma. En realidad de verdad la

sección 62 se refiere a la 16, y ésta y otras secciones son aplicables. La sección 62 lee como sigue:

"Se impondrá y cobrará sobre las ventas de cualesquiera artículos objetos de comercio que no. estén especificados en la sección 16 de esta Ley, o exentos de contribución según lo dispuesto en la misma, una contribución del dos (2) por ciento sobre el precio o valor de las ventas diarias, bien de contado o bien a crédito, de dichos artículos, la cual contribución deberá pagar al final de cada mes la persona que haya efectuado dichas ventas."

Asumiendo por un momento que fué la intención de la Legislatura cubrir todas las ventas efectuadas, determinaremos si se trata de una contribución sobre la propiedad.

Para demostrar que se trata de una contribución directa sobre la propiedad, la apelante cita el caso de *Nicol* v. *Ames,* 173 U. S. 509, 521 (43 L. Ed. 786). En dicho caso, la corte dijo:

"Una contribución sobre el privilegio de vender propiedad en la bolsa y utilizar las facilidades que allí se ofrecen para efectuar ventas difiere radicalmente de una contribución sobre todas las ventas efectuadas en cualquier sitio. Este último impuesto es en realidad y prácticamente una contribución sobre la propiedad. No toma en consideración clase alguna de privilegio o facilidad, sino solamente la realización de la venta. Aunque no ha sido creado por el Gobierno, este privilegio o facilidad para efectuar ventas en la bolsa es tan distinto y definido en su carácter, y su diferencia de una venta efectuada en cualquier otro sitio es tan clara y patente, que crea un fundamento razonable y substancial para que se haga una clasificación y para que se imponga una contribución cuando ventas similares efectuadas en otras partes no están sujetas al pago de contribución alguna. Una venta realizada en la bolsa difiere de una venta realizada en la oficina particular de un individuo, en su hacienda, o por una sociedad, porque aunque la materia objeto de la venta puede ser la misma en cada caso, en ·la bolsa hay ciertas ventajas para hallar comprador, obtener precio, ahorrar tiempo, y tener la seguridad de pago, y otras más, que se obtienen allí con más facilidad que en una oficina particular o en una hacienda. Para efectuar una venta en la hacienda o en la oficina o en la casa particular de uno, quizás y tal vez probablemente, tomaría mucho

tiempo hallar un comprador, tener una entrevista con él y convenir en el precio. Todo esto puede hacerse en la bolsa en muy poco tiempo y con el menor inconveniente. El mercado existe y todo lo que se necesita es ofrecer la mercancía. Aunque en cada caso el resultado es una venta y la cosa vendida puede ser la misma, la diferencia existe en los medios y facilidades para realizar tal venta, y no hay razón por la cual no se pueda imponer una contribución sobre tales medios y facilidades, a menos que el impuesto sea sobre todas las ventas, ya se utilicen las facilidades o nó.''

Estamos asumiendo, de acuerdo con la apelante, que la contribución se impone sobre todas las ventas. En el mismo caso de *Nicol* v. *Ames,* en la página 520, la corte había resuelto que no se había demostrado la falta de uniformidad. De dicho caso copiamos lo siguiente: ''Si la palabra 'uniforme' ha de ''ser interpretada en su denominado sentido 'geográfico' o como ''que significa uniformidad en cuanto a todos los contribuyentes que se encuentren en análogas circunstancias en cuanto a la materia de la contribución, creemos que este impuesto es válido dentro de uno u otro significado del término.'' Creemos que esto sería así aunque algunas personas que vendan menos de $100 sean excluídas, siempre que esto se haga uniformemente.

Sin embargo, no tenemos duda alguna de que la contribución no es aplicable a todas las ventas. La sección 62 dice: ''Sobre la venta de cualesquiera artículos objeto de comercio.'' Es innecesario tratar de sostener la validez de la contribución como una de ocupación adicional aunque podría fundamentarse un argumento en ese sentido. ''El objeto de comercio'' hace una segregación suficiente de las ventas. En Puerto Rico, por ejemplo, tenemos un Código de Comercio, y frecuentemente hemos sido llamados a decidir si determinado acto o documento cae dentro o fuera de dicho código. En Puerto Rico pueden efectuarse innumerables ventas de propiedad personal, sin ser actos de comercio. Prácticamente, todo acto de un comerciante en el curso de su negocio es objeto de comercio. La venta efectuada por

un comerciante es objeto de comercio y está suficientemente
desligada de todas las ventas civiles.    Tal separación hace
la venta un arbitrio.    El comercio tiene sus privilegios y
sus cargas especiales, y la ley lo considera especialmente.
Una venta objeto de comercio es un arbitrio dentro de la
definición original de la palabra, o como está definida por
las cortes.    *Nicol* v. *Ames, supra; West India Oil Co.* v.
*Gallardo,* 6 Fed. Rep. 2nd. 523; *Flint* v. *Stone Tracy Co.,*
220 U. S. 108; *Billings* v. *U. S.,* 232, U. S. 261; *Sonneborn
Bros.* v. *Cureton,* 262 U. S. 506.

[2, 3]  Siendo un arbitrio, puede ser sometida a la prueba
de uniformidad.    El acta orgánica en su artículo 2º párrafo
sin numerar No. 22 dispone que: ''Las leyes para la im-
posición de contribuciones en Puerto Rico serán uniformes.''
Esta prueba es de carácter geográfico.    *Knowlton* v. *Moore,*
178 U. S. 41 (44 L. Ed. 969); *Billings* v. *U. S.,* 232 U. S.
282, y demás casos citados; *Sucesores de C. & J. Fantauzzi,*
30 D.P.R. 423, y citas.    Como la contribución es aplicable
a toda la Isla igualmente, no puede hacer objeción en este
sentido.

[4]  El segundo señalamiento de error es como sigue:
''Al considerar válida la contribución aunque el demandado
la haya interpretado en el sentido de imponer dicha con-
tribución a ventas determinadas.''

El Tesorero demandado al aplicar la sección 62, se ha
limitado a la primera venta, sean los artículos fabricados
en Puerto Rico o importados de los Estados Unidos u otros
países.    La apelante sostiene que esta actuación del Teso-
rero equivale a legislación y que tal facultad no puede de-
legarse en dicho funcionario.    Convenimos en que los pode-
res legislativos no pueden delegarse en el Tesorero, pero
no hallamos que haya habido delegación alguna.

Por otra parte, al discutir el segundo señalamiento de
error, la apelante dice que la sección 62, *supra,* impone una
contribución sobre todas las ventas.    Ya hemos declarado

que no se puede dar tal interpretación a dicha sección. La apelante nos llama la atención al hecho de que la sección 69 de la referida ley dice lo siguiente:

"Todo fabricante, traficante al por mayor, traficante al detall, representante, comisionista o cualquier otra persona que efectúe operaciones de venta, estará obligado, al ser requerido para ello por oficiales del Departamento de Hacienda debidamente autorizados, a presentar los libros o libretas de contabilidad y cualquier otro comprobante relacionado con las compras o ventas que efectúe y a permitir que dichos funcionarios examinen dichos libros y documentos y tomen nota de cualquier asiento efectuado en los mismos."

"Operaciones de venta," en relación con la sección 62, no puede significar otra cosa que ventas objeto de comercio. La sección 69, al usar las palabras "cualquier otra persona que efectúe operaciones de venta," presenta un caso claro de *noscitur a sociis.* Y el mismo razonamiento es aplicable a las secciones 81 y 82 que fijan las penas a imponer.

En cuanto al hecho de que el Tesorero ha cobrado el impuesto únicamente sobre la primera venta, convenimos con la corte inferior en que el hecho de que el Tesorero dejara de aplicar la ley a todas las ventas no afectaría para nada la validez del estatuto mismo. Y también convenimos con la corte en que si la ley obliga a la apelante el hecho de que no se le cobre la contribución a otros no afectaría este caso.

Convenimos en que, considerando por sí solas las palabras de la sección 62, la contribución no se limita en la misma a las primeras ventas. Sin embargo, la sección 62 se supone que cubre casos de ventas que no estén cubiertas por la sección 16, y ésta se limita a las primeras producciones o ventas. Creemos que esta referencia por sí sola demuestra, aplicando el principio de *noscitur a sociis,* que la Legislatura intentó cubrir únicamente la primera introducción o venta en Puerto Rico. Las secciones 37, 38 y 39 de la ley disponen como sigue:

"Sec. 37.—Los traficantes serán responsables del pago de impuestos al vender o traspasar el artículo tributable a otro traficante o a un consumidor."

"Sec. 38.—El consumidor será responsable del pago de impuestos al poseer el artículo tributable, para el uso o consumo en Puerto Rico."

"Sec. 39.—Los impuestos que por esta Ley se prescriben sobre la venta, traspaso, uso o consumo en Puerto Rico, de los artículos comprendidos en la sección 16, serán satisfechos por el traficante al vender o traspasar el artículo tributable al otro traficante o a un consumidor."

Estas secciones demuestran claramente que la Legislatura tuvo en mente las primeras producciones o ventas, la fabricación o introducción de artículos en Puerto Rico. La historia de la legislación sobre esta materia sostiene este punto de vista. La Legislatura originalmente intentó imponer contribución sobre las importaciones, pero halló numerosas objeciones. De modo que la última ley es una evolución, y, hasta cierto punto, una limitación de lo que está sujeto a contribución. Como ya se ha indicado por el Juez Wells, al hablar de lo adecuado del remedio, en nuestra opinión la Legislatura ha encontrado el camino. Sin embargo, siempre ha sido la intención de la Legislatura imponer contribuciones solamente sobre la primera importación o la primera producción en Puerto Rico. Las leyes en *pari materia* deben ser consideradas. *Stuart* v. *Maxwell,* 16 Howard 150, 25 R.C.L. 1067, 1068; 36 Cyc. 1147. La sección 16 es en *pari materia,* al igual que la anterior legislación que trataba de imponer contribuciones.

No podemos estar conformes con la apelante en cuanto a que tal interpretación exima de contribución a ciertas personas. El espíritu de la nueva ley de arbitrios es incluir algunas personas a las cuales no se les habían impuesto contribuciones anteriormente, y una excepción es algo diferente a esto.

[5] La sección 83 de la ley exime a aquellas personas

cuyas ventas mensuales sean menos de $100, y la apelante en su tercer señalamiento de error sostiene que tal exención hace que la ley sea anticonstitucional. Las exenciones de esta clase se hacen libremente. *Bell's Gap R. Co.* v. *Pennsylvania* 134 U. S. 232 (33 L. Ed. 892), *Brushaber* v. *Union Pacific R. R. Co.*, 240 U. S. 1; *Maxwell* v. *Bigbee*, 250 U. S. 525; *Beers* v. *Glynn*, 211 U. S. 477, y casos citados. Prácticamente éste es un caso de *de minimis*. La Constitución de los Estados Unidos dispone, por ejemplo, que en acciones en ley que envuelvan una cuantía mayor de $50 se conservará el derecho a juicio por jurado. Varias leyes de los Estados Unidos, incluyendo nuestro Código de Comercio, no exigen que contratos en que la cuantía envuelta sea menor de cierta suma, consten por escrito para ser evidenciados. Como ha demostrado la corte inferior, las dificultades físicas que acarrea el cobrar contribución sobre las pequeñas ventas es suficiente justificación.

Los casos referentes al tipo de contribución, no ayudan en nada a la apelante. Las analogías de tales casos son ilusorias. La cuestión de contribución es de carácter pragmático, y su constitucionalidad debe generalmente medirse por su efecto final sobre las personas que la pagan, por la confiscación, por seria desigualdad o por otras causas similares. *Bell's Gap. R. Co.* v. *Pennsylvania,* 134 U. S. 232, *supra.* Además la apelante no nos ha demostrado sobre qué fundamentos la existencia de exenciones y desigualdades puede invalidar una ley en Puerto Rico. No se ha demostrado falta de uniformidad.

En su cuarto señalamiento de error, la apelante dice que la corte no consideró la prueba de la demandante. La discusión de este señalamiento de error fué realmente involucrado en los otros tres señalamientos y no necesita más discusión.

*No encontramos que la corte inferior haya cometido error y la sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Hutchison no tomó parte en. la resolución de este caso.